. Hadley *vs.* Bean *et al.*

WILLIAM L. HADLEY, plaintiff in error, *vs.* C. B. BEAN *et al.*, defendants in error.

1. A, being in possession of land, died, and his executor sold and conveyed by deed to B, who entered and held possession for four years. B then executed a deed to C, and subsequently C conveyed by deed to D, and D to plaintiff:

*Held*, that this is sufficient to put the defendant upon proof of title, or to show that he did not acquire possession "by mere entry, and without any lawful right whatever."

2. In order to introduce in evidence copies of deeds which have been recorded, it should be shown that the originals have been lost or destroyed, or that all reasonable means to obtain them have failed. And in this case it should appear that notice was given to the opposite party to produce them, or that it was proved by him that they are not in his custody or control.

Ejectment. Title. Evidence. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

Hadley brought complaint against C. B. Bean and N. A. Bean for a lot of land in the city of Atlanta. The plaintiff introduced in evidence the following conveyances to the land in controversy:

1st. Deed from L. L. Abbott, executor, to E. R. Sasseen, dated February 4th, 1863.

2d. Deed from E. R. Sasseen to Holmes Sells, dated February 22d, 1867.

3d. Deed from Sells to George Hoover and A. N. Hadley, dated February 23d, 1867.

4th. Deed from Hoover and wife to the plaintiff, conveying one-half the premises in dispute, dated September 17th, 1868.

5th. Deed from Hadley and wife to the plaintiff, conveying the other half, dated April 6th, 1869.

Sasseen testified that he held possession of said land from February 4th, 1863, until February 22d, 1867.

Plaintiff here closed, when defendant moved for a non-suit. Plaintiff insisted that he had made out a *prima facie* case, but offered to establish a statutory title if the court deemed such proof necessary. The court so held, and the plaintiff, after endeavoring to account for the absence of the originals, tendered certain copy deeds in evidence. The defendants objected to the preliminary showing as insufficient.

The plaintiff failed to show that he had notified the defendants to produce such original deeds. It appeared that the latter claimed under a sale of the property as belonging to George Hoover, for taxes.

The objection was sustained, and the plaintiff excepted.

A. C. Wylly testified that A. W. Abbott was in possession of the land prior to its sale by his executor, L. L. Abbott, to E. R. Sasseen.

Plaintiff again closed, when the motion for a non-suit was renewed. The plaintiff introduced a deed from the city mar-

shal of Atlanta to W. C. Lawshe, dated November 3, 1870, by which the property in controversy was sold as the property of George Hoover to W. C. Lawshe, the deed reciting that it was a tax sale. Then the motion was allowed. After that, plaintiff's attorney asked leave to withdraw the marshal's deed, and it was granted. This deed was produced by defendants on notice from plaintiff.

To the judgment awarding a non-suit the plaintiff excepted.

Error is assigned upon each of the aforesaid grounds of exception.

Z. D. HARRISON; R. H. CLARK, for plaintiff in error.

HILLYER & BROTHER, for defendants.

TRIPPE, Judge.

1. All that we decide in this case is that there was sufficient evidence to put the defendants upon proof of title or to show that they did not acquire possession by mere entry without any lawful right whatever. Abbott was in possession of the land at the time of his death. His executor conveyed by deed to Sasseen who went into possession and so remained for four years, when he sold to Sells and made him a deed. Deeds were made to subsequent vendees, until the plaintiff's was executed. We think this was enough to cast the burden on defendants. Tyler, in his work on Ejectment, page 71, says "if the claimant shows a prior possession upon which the defendant entered without its having been formally abandoned as derelict, the presumption which arose from the tenant's possession is transferred to the prior possession of the claimant, and the tenant, to recall that presumption must show a still prior possession, and so the presumption may be removed from one side to the other *toties quoties*, until one party or the other has shown a possession which cannot be overruled, or puts an end to the doctrine of presumption founded on mere possession, by showing a regular legal title or a right of possession." On the

next page he further says, " although the general rule is that
a claimant must recover on the strength of his own title, this
has been modified, and the court regards the better right as
tween the parties, to be vested in the first possessor, and gran-
tees claiming through him." Many authorities are cited to
sustain this, though many of them do not go to the full ex-
tent of the statement by Tyler: See 12 *Georgia*, 469; 30
*Ibid.*, 652. Section 3366 of the Code declares a plaintiff in
ejectment may recover the premises in dispute upon his prior
possession alone, against one who subsequently acquires pos-
session of the land by mere entry, and without any lawful
right whatever. This was recognized to be the rule in this
state before the adoption of the Code. The question in this
case is, was the *onus probandi* cast upon the defendant? As
far as I am prepared to go, and that is with some hesitation,
is to hold that where the plaintiff shows possession in him-
self under a deed to the premises, or a deed to himself from
his grantor who was in possession, as was proved in this case,
the burden is cast on the defendant to show he is not a tres-
passer, that he has not acquired possession by mere entry with-
out any lawful right whatever. I am not willing to say that
proof of mere naked prior possession casts the burden. Nor
do I think that the authorities go that far. Some *dicta* seem
so to declare, but upon investigating the cases, something fur-
ther appears, either that the prior possession was under cir-
cumstances similar to those in this case, or the defendant was
affirmatively shown to be a trespasser, or in without any claim
of right: See 5 *Georgia*, 39. Whether there had been such
abandonment of the possession by plaintiff or his grantors as
to deprive him of the benefit of the rule announced, does not
appear—nor is it a question which is determined by the judg-
ment in the case.

2. The copy deeds were properly excluded. In order to
introduce them in evidence it should have been shown that
the original were lost or destroyed, or that all reasonable
means to obtain them had failed. And in this case, it should
have appeared that notice to produce the originals was given

to the appointed party, or to have proved by him that they were not in his custody or control. Plaintiff showed no connection between his title and those deeds, so far as it appears from the record, and it might well be that the defendants themselves set up title under the deeds and had them in possession. A new trial is granted on the first ground.

Judgment reversed.