## PRIESTER *v.* MELTON.

.123　375
125　540
126　330

1. A writing purporting to contain an agreement to convey land, but which is so indefinite as to the description of the land that the same can not thereby be identified, is not, in the absence of extrinsic evidence showing the description applicable to a particular parcel of land, admissible in evidence as color of title.
2. In an action of ejectment there were three demises. The lessor in the first demise was dead, and his legal representative was not a party. The lessor in the second demise had conveyed all of his interest to the lessor in the third demise. *Held*, that the lessor in the second demise was a competent witness as to transactions and communications between him and the lessor in the first demise, on the trial of an issue between the lessor in the third demise and the tenant in possession.
3. When a plaintiff in ejectment seeks to recover on the prior possession of his predecessor in title, a prima facie case is not made out unless the

evidence shows prior possession of such predecessor and a deed from him to the plaintiff, or to some one under whom the plaintiff claims, while the grantor therein was in actual possession.

Submitted May 23, — Decided June 16, 1905.

Ejectment.    Before Judge Mitchell.    Lowndes superior court. November 24, 1904.

This was an action of ejectment in the common-law form. The plaintiff laid three demises, in the names of A. H. Smith, N. J. Priester, and Sophia Priester respectively. Thomas Melton was the tenant in possession. The case went to trial on the issue made by the plea of not guilty. The plaintiff introduced in evidence a deed from N. J. Priester to Sophia Priester, conveying the premises in dispute. The plaintiff also tendered in evidence a writing of which the following is a copy: "Georgia, Lowndes County. I have this day bargained to N. J. Priester 15 acres of land adjoining to my Griffin field and Mr. E. L. Moore's land, for which he is to pay $125.00 within 3 years, and will receipt him for payments made. Jan. 14, 1891. A. H. Smith." The court, upon objection, rejected this evidence. The plaintiff then tendered in evidence a receipt signed by A. H. Smith, reciting the payment of sixty dollars by Nathan Priester. The court, upon objection, rejected this evidence. The plaintiff then introduced N. J. Priester as a witness, and offered to prove by him that "he had been living" on the land in dispute and "had been in the actual possession" for more than seven years, "had built a house and put other improvements thereon, and "had paid" to A. H. Smith the purchase-money for the land. Upon objection to the witness, on the ground that A. H. Smith was dead, the court refused to allow the witness to testify. No further evidence being offered, the court awarded a nonsuit; and to this ruling and the other rulings referred to the plaintiff excepted.

*J. G. Cranford*, for plaintiff.
*Denmark, Ashley & Smith*, for defendant.

COBB, J. The paper signed by A. H. Smith was offered as color of title, but we think it was properly rejected, as the description of the land therein was not, in the absence of extrinsic evidence showing that the description was capable of

application to a particular parcel of land, sufficient to identify any particular land. *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (1).

2. It appeared that A. H. Smith was dead, that there was no demise in the name of his legal representative, and that N. J. Priester had conveyed all of his interest in the land in controversy to Sophia Priester. Hence there could be no recovery on the demise in the name of A. H. Smith, nor on that in the name of N. J. Priester. The case, therefore, was one in which Sophia Priester was the plaintiff and Melton was the defendant; and on the trial of the issue thus made, N. J. Priester was not, by the death of Smith, rendered an incompetent witness under any of the provisions of the Civil Code, § 5269.

3. The testimony of N. J. Priester, that he had been in possession of the premises in dispute, claiming them as his own, should have been admitted, but when admitted it did not make out a prima facie case in favor of Sophia Priester. The code declares that "a plaintiff in ejectment may recover the premises in dispute upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry, and without any lawful right whatever." Civil Code, § 5008. See also *Parker* v. *Railroad Co.*, 81 *Ga.* 392; *Bleckley* v. *White*, 98 *Ga.* 597 (3); *Ellis* v. *Dasher*, 101 *Ga.* 5; *Horton* v. *Murden*, 117 *Ga.* 73 (6, 7). While the section of the code, literally construed, would authorize a recovery only when the plaintiff proves prior possession in himself, the rule is broader than this. An heir or a devisee who has never been in possession may recover upon the prior possession under a bona fide claim of ownership of his ancestor or devisor at the time of his death, unless a better adverse title is shown by the defendant. *Wolfe* v. *Baxter*, 86 *Ga.* 705; *Brundage* v. *Bivens*, 105 *Ga.* 806; *Watkins* v. *Nugen*, 118 *Ga.* 375 (1). One who claims under an heir or devisee may recover on proof that the ancestor or devisor died in possession bona fide claiming ownership, unless the defendant shows a better adverse title by possession or otherwise. *Bagley* v. *Kennedy*, 85 *Ga.* 703. One who claims under another, who in turn claims under an executor's deed, may in like manner recover upon proof of possession of the testator at the time of his death. *Hadley* v. *Bean*, 53 *Ga.* 685. In all of the cases cited, in which the plaintiff was permitted to recover, not on his own prior posses-

sion, but on the prior possession of the person under whom he claimed, such person was either an ancestor or a devisor who died in possession, and therefore whatever title he may have had passed from him at the time he was an actual possessor. It would seem, upon principle, that one who claims under a deed from a living person, who was actually in possession at the time the deed was made, should be given the right to recover on the prior possession of his grantor to the same extent that an heir or devisee can recover on the prior possession of his ancestor or devisor. The right in all of such cases is given because the person so claiming the title is supposed to have acquired by descent, will, or deed, as the case may be, whatever rights would be drawn to the possession; and therefore, for any such right to be acquired by one, it must appear that he acquired it from a possessor. The possessor is allowed to recover upon his bare possession. He may bargain away this right. But one who claims under him, and asserts a right to recover upon his possession, must show that he acquired title either directly or indirectly from him while he was in actual possession. See, in this connection, the remarks of Judge Trippe in *Hadley* v. *Bean*, supra. If the evidence of N. J. Priester had been admitted, it would have shown possession in him at some time in the past, but it would not have shown that he was in possession at the time he made the deed to Sophia Priester. The plaintiff's case would, therefore, have failed even if the evidence had been admitted. There was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*