MAY *v.* SORRELL *et al.*

GILBERT, J. 1. An instrument in the form of a bond for title, which contains the following description only: "forty acres of land commencing at the northeastern corner and running to Bear Creek west then Bear Creek being the line to the original west line being lot No. (389) three hundred and eighty-nine in the 9th district of said county," is inadmissible in evidence as color of title, because the description is too vague and indefinite and insufficient to identify any particular tract of land. The entire lot contains 490 acres, as shown by the records in the office of the Secretary of State, and it is not contended that a conveyance of the entire lot was intended.

2. "If the instrument relied on as color of title be fatally indefinite in the description of the premises therein referred to, the actual occupancy of a part cannot be adverse to the extent of any boundaries whatever. The necessity of a sufficiently certain description is therefore apparent."

*Luttrell* v. *Whitehead*, 121 *Ga.* 699, 702 (49 S. E. 691); *Pitts* v. *Whitehead*, 121 *Ga.* 704 (49 S. E. 693); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958); *Priester* v. *Melton*, 123 *Ga.* 375 (51 S. E. 330); *Youmans* v. *Moore*, 144 *Ga.* 375 (87 S. E. 273).

3. Where an instrument of the character · above mentioned is admitted in evidence ·over appropriate objection by the plaintiff, and the defendant is thus given the benefit of a theory of recovery to which he is not entitled, a verdict in favor of the defendant cannot be permitted to stand, unless the evidence, irrespective of such instrument, demands a finding that he had title to the premises in dispute. *Crawford* v. *Verner*, supra. The jury was instructed that where one holds a part of the land under color of title he is presumptively in possession to the boundaries described. Complaint is made of this charge. This was harmful error where the boundaries were not described with the degree of certainty required by law.

4. The above rulings are controlling, and require the grant of a new trial. The other assignments of error, in so far as they are sufficient to raise any question for decision by this court, will not likely occur on another trial, or are not of such character as would in themselves require the grant of a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 1483. DECEMBER 11, 1919.

Equitable petition. Before Judge Thomas. Colquitt superior court. May 17, 1919.

J. C. May filed suit against J. T. Sorrell, alleging as follows: On October 30, 1883, the plaintiff made a deed conveying to one Bonus Turner "a part of lot No. 389, containing forty acres, more or less, being the north side of Bear Creek, said creek being the line." The scrivener made a mistake in describing the land, which mistake was mutual between the grantor and grantee, the effect of which was to convey all of the land north of Bear Creek instead of forty acres, more or less, lying north of the dividing line between the upland and swamp land of said Bear Creek, there never having been any intention to convey the swamp land. Petitioner did not discover the mistake until about April 28, 1915, and immediately secured from Bonus Turner, his grantee, a quitclaim deed to that part of the land now claimed by petitioner, which was done for the purpose of correcting the mistake. Petitioner desired to saw the timber on the swamp land, and was about to enter into a contract to have the sawing done, when Sorrell, the defendant, notified petitioner not to cut the timber, under threats of violence. Sorrell does not own the land, has never been in possession of the same, but does claim to own the forty acres which petitioner sold to Bonus Turner, having procured from Turner a

deed dated March 20, 1914, covering the same. The quitclaim deed made by Turner to May for the purpose of correcting the mistake in description was recorded May 5, 1915, and the deed from Turner to Sorrell was recorded May 18, 1915. Petitioner alleged that Sorrell obtained the deed from Turner through fraud; that petitioner had no notice that defendant claimed the swamp land until after petitioner's deed of correction was on record; that defendant is insolvent, and, unless he be restrained from interfering with the petitioner, irreparable damages will result. The prayers were, for injunction; that the deed from Turner to Sorrell be delivered up for the purpose of having it so reformed as to convey the forty acres to which he was entitled; and for general relief.

The defendant claimed title by prescription to the land in dispute, under color of title. His plea alleged that he had purchased the land from Bonus Turner, and obtained a bond for title executed on January 17, 1893, and filed for record May 29, 1916. The instruments above mentioned were introduced in evidence, as well as oral testimony. The jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, on the general grounds, and on numerous special grounds. Error is assigned on the ground that the court, over timely objection of the plaintiff, permitted the defendant to introduce the following instrument in writing, purporting to be a bond for title:

"Georgia, Colquitt County. I, Bonus Turner of the county and State aforesaid, hereby acknowledge myself held and firmly bound unto J. T. Sorrell, his heirs and assigns, in the sum of five hundred dollars, subject to the following conditions: Should I make or cause to be made to the said J. T. Sorrell good and sufficient warranty title in fee simple to the following lands, to wit: forty acres of land commencing at the northeastern corner and running to Bear Creek west then Bear Creek being the line to the original west line being lot No. (389) three hundred and eighty-nine in the 9th district of said county. Upon the payment of said J. T. Sorrell the sum of two hundred and fifty dollars on outstanding papers against said lands, to wit: One mortgage note which John T. Thrasher holds against said land, and one mortgage note which G. B. Williams holds against said land, and one mortgage note which J. T. Sorrell holds against said land, and one mortgage note which E. W. McCranie holds against said land, the purchase-money

of said land, then this bond to be void.  In witness whereof I have hereunto set my hand and seal, this 17th day of January, 1893.  [Signed] Bonus [his x mark] Turner (L. S.)."

One of the objections to the admission of this instrument was that it contained no sufficient description to constitute the basis of a conveyance of land.

*James Humphreys* and *R. A. Hendricks,* for plaintiff.

*Parker & Gibson* and *W. F. Way,* for defendants.