## MAY v. SORRELL et al.

1. The motion to dismiss the bill of exceptions, because Bonus Turner, one of the defendants, was neither served with a copy thereof nor acknowledged service thereof, is overruled; he having acknowledged service by his mark, and having made and filed his affidavit in this court in which he states that he did so acknowledge service, and that, if his former acknowledgment was insufficient, he desires to acknowledge same, and asks this court to pass upon all questions involved.
2. Exceptions pendente lite, which do not plainly specify the errors complained of, can not be considered by this court.
3. The trial court did not err in overruling the plaintiff's motion for new trial on any of the grounds thereof, to the effect, that the judge had expressed any opinions on questions of disputed fact, or had illegally admitted or rejected evidence, or had erred in instructions to the jury, or in omissions to instruct the jury, or that the verdict was contrary to the evidence or the law.

No. 2536.    FEBRUARY 28, 1922.

Equitable petition. Before Judge Thomas. Colquitt superior court. January 21, 1921.

J. C. May filed his petition against J. T. Sorrell of Colquitt county; and made the following case: On October 30, 1883, he conveyed by deed to Bonus Turner forty acres of land, described as follows: All that tract or parcel of land situate, lying, and being in the ninth district of said county, part of lot No. 389, containing forty acres, more or less, being the north side of Bear creek, said creek being the line. The scrivener made a mistake in describing the land, the same being a mutual one between him and his grantee. The mistake consisted in conveying all the land north of Bear creek instead of forty acres, more or less, lying north of the dividing line between the upland and the swamp land of said creek, the intention being not to convey the swamp land. He did not discover this mistake until on or about April 28, 1915, when he immediately had Bonus Turner correct said mistake by making to him a deed to the swamp land, which recites that it was made to correct said mistake. J. C. Anthony has located his sawmill near this land, and has offered him two dollars per thousand feet for all lumber that can be cut therefrom. He is anxious to sell to Anthony the timber on said swamp land, which is several miles from the railroad, and all the timber near this has been cut. If Anthony is not permitted to cut the same, it will be a loss to him, as said tract is not large enough to warrant the location of a saw-

mill there just for this timber. J. T. Sorrell has notified him and Anthony not to cut said timber, under threats of violence. To avoid serious trouble with Sorrell, he has refrained from so doing, although Sorrell does not own said land, has never been in possession of the same, but does claim to own the forty acres that was conveyed to Turner under deed which was not recorded until the deed from Turner to correct said mistake had been recorded. The deed from Turner to Sorrell was obtained by fraud, the latter representing to Turner, who could neither read nor write, that he wanted a contract from Turner to the forty acres of land, and not a deed, to supply a link, and to describe said land as forty acres, more or less, lying north of the dividing line between the upland and swamp land of Bear creek. Turner signed a paper which he thought was a contract and not a deed, which was signed March 20, 1914, and recorded May 18, 1915, in the records of Colquitt county. Sorrell has never paid to Turner one penny for the same. Turner never intended to even contract to sell Sorrell the land as described in his deed to Sorrell. Petitioner's deed from Turner was made on April 28, 1915, and duly recorded on May 5, 1915. The deed from Turner to Sorrell was never intended to convey the swamp land. Turner was to make him a deed to the forty acres on March 1, 1915, for three hundred dollars, which was never paid. Petitioner had no notice that Sorrell claimed the swamp land, until he saw his deed of record on May 15, 1915. If Sorrell is not enjoined from molesting him, his agents, employees, or assigns, his damage will be irreparable. He prays that Sorrell be enjoined from interfering with said swamp land, and that the deed from Turner to Sorrell be so reformed as to convey the forty acres lying in said lot north of the dividing line between the upland and the swamp land.

By amendment the plaintiff alleged that Turner was a resident of Brooks county, and was a necessary party defendant in this cause. In the early part of 1883 he executed to Turner a bond for title to forty acres, more or less, of said lot, being all the land lying north of Bear creek, the line being marked and established where the lowlands and uplands divide. On October 30, 1883, he made to Turner a deed to forty acres of land on the north side of Bear creek, in which deed said creek was given as the dividing line. This description was the result of a mutual mistake between him

and Turner, caused by the scrivener who wrote the deed, in that the latter failed to describe the tract of land as directed, and agreed upon by him and Turner, and failed to make the south line of said tract the line dividing the upland and swamp land, which line before the making of said deed had been agreed upon, marked, and established between him and said Turner. Both parties to said deed desired the same to be reformed so as to speak the truth. He prayed that Turner be made a party defendant.

Turner, being in court and desiring that the case be speedily tried, waived the filing of said amendment, process, service, and further notice and service, and consented to be made a party instanter. This amendment was allowed, April 4, 1917. Turner on said date answered, adopting the facts in plaintiff's petition as amended, and prayed that the deed from plaintiff to him be reformed as prayed by the plaintiff, as the scrivener had made a mistake in describing the land.

J. T. Sorrell filed his answer, denying that there was any mistake in the deed from the plaintiff to Turner. He asserted title to the land in himself, that he bought from Turner in good faith, and had occupied the same openly, peaceably, and continuously for more than twenty years. He admitted that he told Anthony that he owned the timber and that he did not want it cut, but averred that he did not make any threats of violence to him or to any one else. He denied that his deed from Bonus Turner was obtained by fraud, and averred that he bought the land, paying full consideration therefor. He further alleged that at the instance of Turner he paid off certain mortgages on the land described in Turner's bond for title to him, amounting to $250, which was the full value of said land. Each of said mortgages described said land the same as it is described in the deed from May to Turner. Turner gave him a bond for title to said land, giving Bear creek as the south line of the land sold to him; the condition of said bond being that the defendant was to pay off said mortgages, which he did. With the consent of Turner he took possession of said land more than twenty years ago, under said mortgages and bond for title, exercising ownership all the time, openly, publicly, and continuously, in good faith. He boxed the timber thereon for turpentine purposes, and worked the same for three years. About ten years later he back-boxed and worked the same again for three years, without

any objection by any one. He attached to his answer a copy of the bond for title. He cut part of the timber for sawmill purposes, without objection and in perfect good faith. He further alleged, on information and belief, that May knew all the time that he had deeded this land to Turner, giving Bear creek as the south boundary. At the time he bought from Turner, the timber in the swamp was not worth much and was hardly considered in the trade; but owing to scarcity of timber now, the price is high and such lands are valuable. He further charged, that, if said timbered land had not become valuable in recent years, May would never have attempted to take his timber.

On April 8, 1920, Sorrell amended his answer; and alleged that on January 17, 1893, he purchased from Turner for $240 that portion of land lot 389, in the ninth district of Colquitt county, situated in the northeast corner of said lot, in the form of a triangle, bounded on the north and east by the original line of said lot, and on the south by Bear creek, containing all the land in said lot on the north side of said creek, which land had been purchased by Turner from May on October 30, 1883. He paid the full and fair market value thereof. On said date Turner delivered to him an instrument in writing, which was intended by him and said Turner to be a deed or bond for title to said land. At the request of Turner they got S. L. Rentz, a notary public, to write a deed of conveyance. Turner gave the notary a description of the land, as follows: " Forty acres of land, commencing at the northeast corner and running to Bear creek, the Bear creek being the line, to the original west line, being lot 389 in the 9th district of said county." Said description is so vague and indefinite that the land can not be located. Turner intended to convey, and he intended to purchase, the land as above described. The failure to correctly describe said land was a mutual mistake on their part. At the time he purchased there were a number of debts against said land, aggregating $240 and said bond contained the stipulation that when he paid said debts Turner would make him title to said land. Immediately upon the execution and delivery of said instrument to him by Turner on January 17, 1892, he went into possession, cultivated all of the said lands that were open, and such other portions thereof as contained timber he worked for turpentine and sawmill purposes.

His possession has been public, continuous, exclusive, uninterrupted, peaceful, did not originate in fraud, and has been occupied under a bona claim of right. May lived within a mile of said property, and had actual knowledge of the contract of purchase and sale between him and Turner, and of his exclusive possession of said land from said date. Upon the delivery of said instrument by Turner defendant took it home, placed it in his trunk, and never saw or thought of it until the institution of this suit by May. He never knew or suspected that any defect existed in said instrument, until the decision of the Supreme Court was rendered in this case, holding the description too vague, indefinite, and uncertain. His education and business experience is so limited and he was so ignorant that he did not know that any mistake had been made affecting the description in said instrument. He prayed that said bond for title be so reformed as to properly describe said land. By further amendment of the answer it was alleged that he had paid Bonus Turner in full for said land, had been in possession ever since, had cleared a large part of said tract, had fenced forty acres, had stumped and cleared that amount at an expense of $400; and that, having fully paid for the same, he was entitled to a deed from Turner and to have the contract of sale specifically performed by a decree of the court. He prayed for specific performance.

On April 8, 1920, May demurred to the amendment offered by Sorrell, on various .grounds. This demurrer was overruled, and no exception was taken to this ruling. At the April term, 1920, Sorrell offered a second amendment to his answer, to which the plaintiff demurred on the grounds, that the amendment set forth no cause of action, and was multifarious and duplicitous; that the two defendants resided in different counties, Sorrell in Colquitt, and Turner in Lowndes; that Sorrell could not reform the contract between the two defendants, and in this way file a cross-action for the purpose of *performing* an instrument absolutely void; that the evidence showed that no such contract was ever entered into between the defendants; that Turner denies ever having sold by bond for title, by deed, or otherwise, the tract of land to Sorrell; and that the remedy of Sorrell against Turner is for specific performance in a court of equity. The court overruled this demurrer. Plaintiff filed exceptions pendente lite to this judgment; but no assignment of error was made upon these exceptions, in either the main bill of exceptions or.separately.

The case proceeded to trial, and resulted in a verdict for the defendant. The plaintiff made a motion for a new trial, upon the formal grounds, and upon certain grounds embraced in an amendment to his motion. The court overruled his motion, and error was assigned upon this judgment.

*James Humphreys, Dowling & Askew, J. P. Knight, and R. A. Hendricks,* for plaintiff. *W. F. Way,* for defendant.

HINES, J. (After stating the foregoing facts.)

1, 2. The first and second headnotes do not require any elaboration. In view of the rulings therein made, the only thing left for the determination of the court is whether the court below erred in overruling the plaintiff's motion for a new trial.

3. Counsel for the plaintiff insist very earnestly that the judgment of the court below, overruling the motion for new trial, should be reversed on the general grounds. It is urged that this court, when the case was here before (*May* v. *Sorrell,* 149 *Ga.* 610, 101 S. E. 535), held that the bond for title under which Sorrell claims was void for lack of sufficient description; that therefore the same could not be relied upon as color of title under which prescriptive title could be acquired by possession for seven years; that for this reason the defendant would have to establish a title by prescription resulting from possession of this land for twenty years; and that he wholly failed to establish such title by prescription, as the land in question was in a swamp, wild and uncultivated. It is insisted that the defendant could only defend, under these circumstances, by showing such possession for twenty years as would ripen into a prescriptive title; and that, having failed to do so, a new trial should be granted in this case.

At the time Sorrell bought from Bonus Turner, the paper title to all that part of lot 389 in the ninth district of Colquitt county, north of Bear creek, was in Bonus Turner, under a deed to him from the plaintiff. While the title was thus in Turner, Sorrell claims to have bought these lands, and that he paid Turner therefor in full. This was before the plaintiff undertook to have Turner correct the alleged mistake in the deed by which the plaintiff conveyed to Turner the premises in dispute. When Sorrell bought from Turner, and, as he alleges, paid Turner in full for the tract of land embraced in the deed from May to Turner, which deed embraces the premises in dispute, the title was in Turner. As both

parties claimed under a common grantor, it was not necessary for Sorrell to show title back of such common grantor. Sorrell set up the purchase of the premises in dispute from Turner, with full payment of the purchase-money. He prayed that Turner be required by the decree of the court to specifically perform the contract by which he sold the premises in dispute to him.

Full payment of the purchase-money alone, accepted by the vendor, would be sufficient part performance to justify a decree requiring Turner to convey this land to Sorrell. Civil Code, § 4634. Furthermore, Sorrell, being the defendant, could successfully defend by showing the full payment of the purchase-money. Payment in full of the purchase-money would give him such title as would enable him to defend in this case against the attack made upon him by the plaintiff. Payment in full of the purchase-money, in this State, gives to the purchaser a perfect equity, which is a good title even at law, and is sufficient to support or defeat an action of ejectment. *Pitts* v. *McWhorter,* 3 *Ga.* 5 (46 Am. D. 405); *Peterson* v. *Orr,* 12 *Ga.* 464 (58 Am. D. 484); *Dudley* v. *Bradshaw,* 29 *Ga.* 17, 25; *Temples* v. *Temples,* 70 *Ga.* 480, 483; *Glover* v. *Stamps,* 73 *Ga.* 209 (54 Am. R. 870); *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96); *Dodge* v. *Spiers,* 85 *Ga.* 585 (11 S. E. 610).

The fact that the deed from May to Turner describes the land as containing forty acres, more or less, when the land within the boundaries of this deed amounts to ninety-two acres, will not defeat the claim of Sorrell to all the land within these boundaries, if he purchased the same from Turner and paid therefor. When land is conveyed by metes and bounds, whether there be more or less than the quantity named in the deed, the purchaser obtains the whole of it. *Benton* v. *Horsley,* 71 *Ga.* 619. So Turner obtained all the land within the boundaries given in the deed from May to him, and when Sorrell bought the tract from Turner, and paid him therefor, he obtained the whole of the tract, although it contained much more land than the quantity named in this deed. If the defendant could defeat an action of ejectment by showing a perfect equity, growing out of the payment of the purchase-money in full, he can certainly, in a court of equity, rely upon such perfect equity to defeat an action to enjoin him from interfering with the plaintiff, who proposes to sell the timber growing on the premises in dispute. So we can not agree with the contention of counsel

for the plaintiff that a reversal is demanded upon the general grounds of the motion for a new trial.

4. The first and third grounds of the amendment to the motion for new trial can be considered together. In the first ground it is alleged that the court erred in requiring J. C. May, on cross-examination, to testify that at the time he sold the land to Turner he did not know what the timber thereon was worth, as there was no demand for it, as it could only be used for splitting rails and building houses; that in those days a man never went into the swamp to get timber; that such timber was then practically worthless, but swamp timber is now in demand and is worth considerable money. The objection to the admission of this testimony was that it did not illustrate any issue in the case, the only issue being whether Sorrell or May owns this land. The court admitted this testimony to illustrate the intention of the parties and the circumstances when May sold to Turner, and latter sold to Sorrell.

In the third ground the plaintiff moved to rule out this testimony upon the ground that it was irrelevant, and the court refused to rule it out, for the same reasons that he admitted it.

The defendant was seeking specific performance of his contract to purchase from Turner. Inadequacy of price may justify a court in refusing to decree specific performance. Civil Code, § 4637. It further throws light upon the question whether May sold Turner all the land north of Bear creek. Therefore the value of these swamp lands and the timber thereon at the time May sold to Turner, and Turner to Sorrell, was relevant and important.

5. In the second ground of the amended motion it is complained that the court erred in refusing to permit E. W. McCranie to testify that the negroes, John and Bonus Turner, had done nothing to any one to cause them to receive such treatment as they did when they were cut, shot, and run off from their home, " in order to get their property." In the fifth ground it is complained that the court erred in refusing to permit John Turner, a witness for the plaintiff, to testify that their presence in the community in which they lived was objectionable to the white people, and that parties came to their houses and, without any cause, cut, shot, and beat them and ran them off so as to get their property. The plaintiff alleges that this testimony was admissible to shed light on the conduct of Sorrell, to disprove his claim of bona fides in

acquiring this property, and to tend to show that he had no title to the same. It is claimed that this testimony was admissible to show that whatever paper title Sorrell had to the land in dispute was a forgery. Certainly the bad treatment of these negroes would not tend to establish forgery, even if Sorrell participated in these outrages; but there is no evidence in the record tending to show that such ill usage of these negroes was prepetrated by Sorrell. On the contrary, the evidence tends to acquit him of participating therein. This evidence was clearly irrelevant and inadmissible; and the court did not err in refusing to admit it.

6. In the fourth ground of the amendment to the plaintiff's motion for a new trial it is alleged that the court erred in permitting Sorrell to testify, that, two years after he went into possession, he leased the pine trees for turpentine purposes to R. DeVane & Co., who cut, boxed, and worked them, and who chipped the boxes once a week during the entire turpentine season, for two years; that after DeVane & Co. worked the timber J. M. Ford back-boxed it some eight or ten years afterward, which was ten years after he bought the land; that he had made a written lease to DeVane & Co., and a written or printed lease to J. M. Ford, and that he signed the leases in the presence of witnesses and an officer. Counsel for the plaintiff moved to exclude all the testimony with respect to working the timber for turpentine purposes under written leases, as the leases would be the highest and best evidence. The court ruled that he would let the jury consider the testimony with respect to the working of the timber, but would exclude the contents of the leases. Error is assigned on this ruling, on the ground that its effect was to allow the jury to consider the testimony of the defendant that he had made and signed written leases, and that the timber had been worked under them. How far the jury should be limited in their consideration of evidence is not raised by objection to its admission. *Moorefield* v. *Fid. Mut. Ins. Co.*, 135 *Ga.* 186 (69 S. E. 119).

7. The sixth, seventh, and eighth grounds of the amended motion can be considered together. In the sixth ground it is complained that the court erred in admitting in evidence the mortgage from Bonus and John Turner to J. T. Thrasher, dated September 4, 1886, properly witnessed and recorded on September 14, 1886, which embraced certain real estate therein described, with a trans-

fer of said mortgage to Sorrell, dated April 6, 1893. The admission of this mortgage and transfer was objected to on the ground that the description of the land embraced therein was too vague and indefinite to create a lien upon it; and further, because Turner had testified that the mortgage had been paid prior to the time that Sorrell alleged that he bought the premises in dispute, there being no proof that the mortgage was due and owing at that time.

The court ruled that there was a recital in the mortgage that Bonus Turner owed the amount of money therein specified. It is complained that this ruling in admitting said paper amounted to an expression by the court of opinion as to a material issue in the case, that is, that it showed that Turner owed, at the date of the trial, the amount of money recited in the mortgage. Sorrell contended that he bought the premises in dispute from Turner, that he was to pay the incumbrances thereon, including this mortgage, and that he had paid the amount of this mortgage in accordance with the said agreement between himself and Turner. Under this contention it was immaterial whether the description of the property embraced in this mortgage was sufficient or not. If Sorrell paid from the purchase-money of this land the amount of this mortgage, under said agreement, he was entitled to credit therefor, whether the mortgage was valid or invalid. The ruling to the effect that the mortgage recited that Turner owed the amount to secure which it was given did not amount to an expression of opinion by the court. The mortgage did contain this recital, and there was no dispute as to the existence of the recital. The fact that Turner testified at the trial that this mortgage had been paid before Sorrell purchased this land was not a good objection to the admission of these instruments. It is not a good objection to the admission of relevant testimony that one of the litigants controverts such testimony.

In the seventh ground the plaintiff asserts that the court erred in admitting in evidence the note given by Bonus and John Turner to Thrasher, for the sum of $88.50, dated September 4, 1886, and due October 1, 1887, being for the purchase-money of a mule, with a transfer thereof to Sorrell. The objection to the admission of this evidence was that Turner testified that he owed nothing on said note at the time Sorrell claims to have purchased this land; that the note was barred by the statute of limitations, and could

not be enforced against the rights of the plaintiff. This note was a part of the indebtedness of Turner which Sorrell claims that he was to pay under the agreement by which he bought this land from Turner. In view of this contention, the objections to its admission were without merit.

In the eighth ground it is complained that the court erred in admitting, "over proper objection," a mortgage from John Turner to J. T. Sorrell, dated January 9, 1892, and duly recorded on February 1, 1892, to secure an indebtedness of $65, on Nov. 1, 1892, given on certain land therein described. The plaintiff objected to the admission of this instrument, on the ground that the description of the land embraced in this mortgage was insufficient to create a lien thereon, and for the further reason that John Turner is not a party to this suit, and Bonus Turner can not be bound by the contract of John Turner. · The court, in admitting this testimony, stated that there was testimony, he believed, that John Turner had an interest in the property though the legal title was in Bonus Turner, and that Sorrell bought under an agreement by which he was to pay this indebtedness. It is complained that the court thus expressed an opinion, in the presence of the jury, upon a material part of the testimony in the case, and thus committed error prejudicial to the rights of the plaintiff. Under the contention of the defendant he was to pay this debt from the purchase-money of the premises in dispute. The evidence in the case shows that John Turner paid to May half of the purchase-money of the land, embracing the premises in dispute, to which May made his deed to Bonus Turner; and that thus John Turner had an interest therein. There is no dispute in the evidence about this fact. The trial judge does not express an opinion when he states in the hearing of the jury a fact about which there is no dispute. *Marshall* v. *Morris*, 16 *Ga.* 368. For the above reasons the court did not err in admitting any of the documents above referred to, and did not express any opinion upon the facts which would require the grant of a new trial.

8. In the ninth ground it is complained that the court erred in permitting the defendant, Sorrell, to testify that he had made improvements on the cultivatable land since he had been in possession of it, putting up fences around it and stumping the same, which improvements cost some $400. This testimony was

objected to for the reason that there was no evidence to show that this defendant had such a paper title, or possession thereunder, for a period sufficient to ripen a prescriptive title, because the defendant did not allege that he claimed title by prescription and had occupied this land for a period of twenty years; and because, if this contention were made, his title would extend no further than the enclosed boundaries of his possession, the undisputed evidence showing that the land in dispute is not cultivatable land, has never been fenced, and there has never been any actual possession of the land in dispute. The court ruled that he would allow the jury to say whether the plaintiff held title by possession. The objections to the admission of this testimony are not well taken. This testimony was clearly admissible upon the question of specific performance. As the defendant, Sorrell, claimed under a purchase of this land from Turner, who held the legal title thereto when he purchased, with full payment of the purchase-money, it was not necessary for him to show such paper title and possession thereunder as would ripen into prescriptive title. The defendant in his answer does set up title by prescription arising from adverse possession of the land in dispute for a period of twenty years. While the land in dispute was not cultivatable land, and had never been fenced, there is in the record evidence of such actual adverse possession as would authorize the finding in favor of this defendant upon his claim of prescriptive title by reason of twenty years adverse possession. So the court did not err in admitting this testimony.

9. In the tenth ground it is complained that the court erred in admitting in evidence the bond for title purporting to have been made by Bonus Turner to J. T. Sorrell, which was held by this court, when this case was here before, to be void for lack of sufficient description of the premises embraced therein. It is unnecessary to set out herein this bond in full. The objections urged to the admission of this document were: (1) that there was no proof of its execution; (2) that under the undisputed evidence there had been erasures and changes made in the description therein, the word " east " had been erased and the word " west " had been written into it, that " it was originally written lot of land No. 389 and it has been changed to lot 389;" (3) because said bond is void because of lack of sufficient description of

the property therein embraced, and could not be the basis of color of title; (4) because it was irrelevant. The court ruled that it was not admissible as color of title, but admitted it in connection with the other evidence in the case touching the contention of the defendant that he had purchased this property. The plaintiff claims that this ruling was harmful and prejudicial to his rights, especially in view of the decision of this court that this bond for title was a void instrument. The ruling was correct, and this evidence was properly admitted. There was proof by the subscribing officer that he prepared this bond, that the same was executed by the maker, and that he attested its execution. This witness does testify that certain changes had been made in this instrument, not in his handwriting. These changes are those mentioned in this ground of the motion for new trial. It does not appear from the evidence by whom and when these changes were made. The defendant testifies these changes were not made by him; and that the bond was in the same condition as it was when he received it. In his answer as amended, in the nature of a cross-action against the plaintiff and against his codefendant, Bonus Turner, the defendant, Sorrell, set forth this bond for title, and declared thereon as the basis of his claim of title, and as the basis of his cross-action for specific performance thereof by the maker. Being so declared on, and the execution of this contract not being denied under oath, proof of its execution and explanation of said alterations were not requisite to its introduction. Civil Code, §§ 4298, 5831. But, however this may be, there was sufficient proof of the execution of this bond, and of the fact that the alterations therein made were not made by the defendant, Sorrell, to admit the same in evidence. The fact that this court held, when this case was here before, that this bond for title was void for lack of sufficient description of the property therein embraced, did not render its admission illegal, in view of the amendment made by Sorrell, after said decision was made, in which he sought to have said bond so reformed as to describe the property sold by Turner to him. This bond was the foundation of his action for reformation and specific performance; and as such was properly admitted by the court.

10. In the eleventh ground the plaintiff insists that the verdict of the jury and the decree of the court are contrary to the law and

the evidence in this case, and without either to support them, for the reason that the defendant, Sorrell, has no title or bond for title to the land in dispute, because the evidence shows that he has never been in the actual possession of the land in dispute, and has never exercised continuous, exclusive acts of ownership over the same, for a sufficient length of time to give him a prescriptive title, the evidence showing that the plaintiff went into possession of this land under a recorded deed on January 26, 1878, and has remained continuously and exclusively in the legal and peaceably acquired possession until May 29, 1916. What has been said in dealing with the first ground of the amendment to the motion for new trial disposes of this ground; and it is unnecessary to deal with it further.

11. In the twelfth ground it is alleged that the court erred in charging the jury that " Actual possession of land is evidenced by enclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another. The court instructs you that actual adverse possession of lands by itself for 20 years shall give good title by prescription against every one, except the State or persons laboring under disabilities provided by law." The error alleged is that the evidence is without conflict that the defendant, Sorrell, did not enclose the land in dispute, that his acts of ownership were such as to constitute only acts of trespass, that a period of as much as six months elapsed between the acts of possession upon the part of Sorrell, that, this defendant claiming prescriptive title by possession for a period of twenty years, nothing short of an actual enclosure of the land in dispute would ripen into a prescriptive title, and that there were neither pleadings nor evidence to authorize this charge. In this ground it is also urged that the court erred in charging the jury that " The court instructs you, with respect to the other contention set up by the defendant in this case, that the law provides that specific performance of a parol contract as to land, and the land in controversy, will be decreed if the defendant admits the contract,— and with respect to this contention, the plaintiff would be the defendant, because, in so far as it relates to Mr. J. T. Sorrell, the burden is upon him, and he insists that he acquired title in this way,— or if it be so far executed by the party seeking relief, and at

the instance or by the inducement of the other party, that if the contract be abandoned he can not be restored to his former position. Full payment alone, accepted by the vendor, or partial payment accompanied by possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree; and in this connection the court instructs you, as will appear from the pleadings in the case, the defendant Mr. J. T. Sorrell claims and contends that he bought this property from Bonus Turner, who is also a party to this suit." The error alleged is: (1) that the court instructed the jury that if the defendant admits the contract of purchase, this would be sufficient to decree title in the defendant, and that in this particular case J. T. Sorrell would be the plaintiff and J. C. May the defendant,— there being no contention in the pleadings or the evidence that Sorrell purchased the land from May, or that any relation or contract was ever made or existed between them with respect to the title to this land; (2) that the evidence shows that Sorrell was not in possession of this land; (3) that Bonus Turner denied that any sale of the land was ever made to Sorrell, either verbally or in writing, and that he had ever been paid the purchase-money; (4) that in this suit, Sorrell being a defendant and Bonus Turner being a defendant, Sorrell could not convert his answer into an equitable petition for specific performance against Bonus Turner, and have the title decreed into him out of Turner, which would defeat the title of the plaintiff; and (5) that Turner contends in his plea, and in his evidence, that Sorrell never purchased or acquired any deed or claim of title to the land in dispute, and that he did not convey or attempt to convey it to Sorrell.

We deal first with the errors alleged to exist in the first excerpt from the charge of the court. It is asserted that Sorrell did not enclose the land in dispute, and that his acts of ownership were such as to constitute only acts of trespass, which could not ripen into a prescriptive title. There was evidence from which the jury could find that Sorrell purchased the tract of land embracing the premises in dispute, on January 17, 1893; that he went into possession of the tract embracing the premises in dispute that year; that he cleared, fenced, and cultivated most of the uplands on this tract; that shortly after his purchase he leased all the pine

trees on the tract suitable for turpentine purposes, to R. DeVane & Co.; that they turpentined all the trees upon the entire tract which were fit for turpentine purposes; that they cut, boxed, and chipped them; dipped the turpentine, and hauled the same off, for a period of three years; that thereafter Sorrell leased the pine trees for turpentine purposes to J. M. Ford, who worked the same some eight or ten years after DeVane & Co. had worked them; that Mack Ford worked the lands two years for turpentine purposes; that Sorrell cut a lot of timber off of the premises in dispute for sawmill purposes for the period of two years, and that May lived on the land lot of which the premises in dispute formed a part, only a short distance from these premises; that he must have known of the above acts of possession by Sorrell; that he actually saw Sorrell cutting timber on the premises in dispute for sawmill purposes; that on one occasion, when he saw Sorrell cutting timber on the swamp lands, he said to Sorrell that he thought this was his timber, when Sorrell replied that it was his, after which he never heard of any claim of the premises in dispute on the part of May until this action was instituted. The cultivation of a turpentine farm upon a tract of land is such an occupancy as may be the basis of a prescriptive title to the land itself; and it is a question of fact depending upon the character of possession, the extent of the visible signs of occupancy and its continuance. *Flannery* v. *Hightower*, 97 *Ga.* 592 (25 S. E. 371). When we consider the above facts, and the further fact that the vendor of Sorrell, who held a deed from the plaintiff to a tract of land embracing the premises in dispute, which had been recorded, and under which such vendor had taken possession, which he held for a period of approximately ten years, which possession Sorrell could tack to his own, we can not say, as a matter of law, that the court erred in charging the jury upon the subject of prescriptive title ripening from twenty years' possession. But he did not need prescriptive title to defeat the plaintiff. He bought when the legal paper title was in Turner, and he thus acquired a good title.

We deal next with the other portion of the charge, which is set out in this ground, and which deals with the subject of specific performance, and to which the plaintiff excepts. In this excerpt from the charge the court instructed the jury " that specific performance of a parol contract as to land . . will be decreed if

the defendant admits the contract,— and with respect to this contention, the plaintiff would be the defendant, because, in so far as it relates to Mr. J. T. Sorrell, the burden is upon him, and he insists that he acquired title in this way,— or if it be so far executed by the party seeking relief, and at the instance or by the inducement of the other party, that if the contract be abandoned he can not be restored to his former position. Full payment alone, accepted by the vendor, or partial payment accompanied by possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree." The error alleged is that the court instructed the jury that, in respect to the matter of specific performance, J. T. Sorrell would be the plaintiff and J. C. May would be the defendant, when there is no contention in the pleadings or the evidence that Sorrell purchased the land from May. While this charge is not entirely accurate, the inaccuracy was not sufficient to have misled the jury. In the cross-action filed by the defendant for specific performance, May, the plaintiff, became a defendant with Bonus Turner, and Sorrell, the defendant, became in such cross-action the plaintiff.

It is further insisted that this charge is erroneous because it instructed the jury that " if the defendant admits the contract " it will be sufficient to authorize specific performance, when the defendant, Bonus Turner, denied that he ever made any sale of the premises in dispute to Sorrell. There is enough in the testimony of Bonus Turner to authorize this charge; but if not, we do not think that it requires the grant of a new trial. The court gave in charge to the jury the whole of section 4634 of the Code, which embraces the language, " if the defendant admits the contract." All the rest of this section was clearly applicable to the case. The jury could hardly have been misled by the court giving in charge the whole of this section.

It is further urged that this portion of the charge is erroneous, because Sorrell and Turner were both defendants, and Sorrell could not convert his answer into an equitable petition for specific performance against Turner, and have title decreed into him from Turner so as to defeat the title of the plaintiff. All the parties were before the court. On the application of the plaintiff the defendant Bonus Turner was made a party defendant for the pur-

pose of reforming a deed from the plaintiff to him. After Turner was made a party, and after this court had decided that the bond from Turner to Sorrell was void for lack of sufficient description of the property therein embraced, Sorrell amended his answer, and by way of cross-petition asked to have this bond for title reformed, and asked for specific performance of the contract under which he alleged that he purchased this land from Turner. Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose. Civil Code, § 4522.

12. In the thirteenth ground the plaintiff complains that the court erred in charging the jury that, if they believed from the evidence that Bonus Turner owned the property in controversy, and if Sorrell bought the property from Turner and paid him for the same, but failed to get a deed to the same, and if Sorrell took possession thereof as contended by him, then, as between Turner and Sorrell, Sorrell would be entitled to have a decree for specific performance against Turner, and would, as between the two, be entitled to a verdict declaring title in him. The first error alleged is that Bonus Turner disclaimed that he ever purchased, or intended to purchase, or otherwise acquired the land, or was ever in possession of the same, and for this reason the charge was contrary to the evidence and the pleadings. There is no merit in this objection to the charge. The fact that Turner, at the trial, disclaimed purchasing this land from May, would not defeat the rights of Sorrell, who purchased from Turner when the paper title to this land, in the shape of the valid recorded deed from May to Turner, was in the latter.

It is next urged that this charge was erroneous, because the suit was brought by May against Sorrell, to which Turner was afterwards made a party, and that Sorrell could not so amend his defense as to convert it into an equitable petition for specific performance as against Turner, the suit being in Colquitt county, and Bonus Turner being a resident of Lowndes county. Here the plaintiff undertakes to raise the question of the jurisdiction of the court of the person of the defendant, Bonus Turner. If the want of jurisdiction had been raised by Bonus Turner, this point would be a serious one (*Clayton* v. *Stetson,* 101 *Ga.* 634, 28 S. E. 983);

but Turner did not raise any objection to the jurisdiction of Colquitt superior court of his person. On the contrary, he voluntarily came in and consented to be made a party, waiving process, service, and all further notice, in order that there might be a speedy trial. He filed an answer, without objecting to the jurisdiction of the court. He thus waived objection to the jurisdiction of the court. Civil Code, § 5654; *Ansley Co.* v. *O'Byrne*, 120 *Ga.* 618 (48 S. E. 228); *Lightfoot* v. *Brower*, 133 *Ga.* 766 (66 S. E. 1094). Certainly the plaintiff, who had Turner made a party defendant, can not complain that the court had no jurisdiction of his person.

13. In the fourteenth ground the plaintiff complains of a repetition of the charge complained of in the thirteenth ground; and he makes the same objections to this charge, in effect, as those set up against the charge in the thirteenth ground. What has been said in dealing with the charge set out in the thirteenth ground is applicable to this ground.

14. In the fifteenth ground complaint is made that the court should have instructed the jury that the possession of Sorrell must have been in his own right, must not have originated in fraud, but was fairly and honestly claimed under a fair claim of right; and that the possession of Sorrell would not extend any further than to where he had the land actually enclosed by a fence for a period of twenty years. If the court had been requested in writing to give this charge to the jury, and had done so, it would have been erroneous. Adverse possession of land is evidenced by enclosure; but this is not the only evidence of adverse possession. Cultivation, and any use or occupation of land which is so notorious as to attract the attention of every adverse clamant, and so exclusive as to prevent actual occupation by another, also constitutes adverse possession. Civil Code, § 4165.

15. In the sixteenth ground the plaintiff alleges that " the whole charge of the court is error, for the reason that it was not applicable to, based upon, or authorized by the pleadings and the evidence in the case. This ground is too general to present any question for determination by this court, the whole charge not appearing to be erroneous. *Atlanta & Birmingham Railway Co.* v. *Sumner*, 134 *Ga.* 673 (68 S. E. 593).

> *Judgment affirmed. All the Justices concur, except*

BECK, P. J., and ATKINSON, J., who dissent on the ground

that the evidence was insufficient to show prescriptive title in the defendant on the basis of twenty years actual adverse possession; and that the judge erred in charging the jury upon that subject, which charge is duly excepted to in the motion for new trial.