*S. D. Dell,* for defendant.

---

## BOZARTH *et al. v.* PASCHALL *et al.*

GILBERT, J. 1. The verdict is supported by evidence. The jury returned the following verdict: "We, the jury, find for the plaintiff the injunction as prayed, and we further find for the plaintiff damages as follows: Log stumpage for 99,611 feet at 2.00 per thousand, $392.22; cross-ties stumpage for 429 ties at 25c, $107.25; telephone-poles stumpage for 142 poles at 40c $56.80; total five hundred fifty-six and 27/100 dollars." There is manifest clerical error in the amount of money calculated for 99,611 feet log stumpage at $2.00 per thousand. In the verdict it is stated as $392.22. This should have been $199.22; consequently the total amount of the verdict, which was stated as $556.27, should be reduced by the sum of $193.00, which would make the total sum $363.27; and it is directed that the judgment be amended accordingly, so that it will state the correct total amount of recovery for the plaintiffs.

2. The assignment of error on the refusal of the court to grant a nonsuit is covered by the ground of the motion for a new trial that the verdict is contrary to evidence.

3. Grounds four, five, six, and seven of the motion for a new trial assign error on the judgment sustaining demurrers to portions of the answer of the defendants. Under the uniform rulings of this court, a judgment sustaining a demurrer cannot be made the ground of a motion for new trial.

4. The eighth ground of the motion complains of the introduction of certain documentary evidence over objection of the defendant. The ground of the motion states reasons why movant contends that this evidence was not admissible, but it fails to state what objection was made to the

evidence at the time of the ruling. Accordingly, this ground of the motion does not show error.

5. Grounds nine to sixteen, inclusive, of the motion for a new trial complain of the instructions of the court construing the lease contract. The court instructed the jury, in substance, that under the "clean-cut" clause of the lease contract the defendants must cut all timber of any kind suitable for sawmill purposes clean from the land; and that if defendants failed to cut clean, but left a portion of such timber standing, their rights in the portion of the land thus cut over ceased and they could not return at a later date to cut any of such timber left standing by them. Movant contends that this construction of the contract was erroneous, and that under the terms of the lease contract, construed as a whole, defendants had until the first day of August, 1925, to cut all timber suitable for sawmill purposes. Movant further insists that the court should not have construed the contract. *Held:* The contract was unambiguous, and it was the duty of the court to construe it, and the construction placed upon the contract by the court was not erroneous. Accordingly, none of the grounds of the amended motion for new trial, nine to sixteen, inclusive, show error.

6. The seventeenth ground of the amended motion for a new trial complains that the court erred in failing to charge the jury "that the plaintiff had endeavored to purchase in May or June, 1922, or about that time, the uncut timber then upon the lands from the Wilkes Lumber Company, and its legal effect; and also, if such acts were found to be true, the plaintiffs could not recover." Evidence that the plaintiffs endeavored to purchase the timber as indicated in this ground of the motion would at most amount to a contradiction of the testimony offered by the plaintiffs, or evidence tending to impeach other testimony, and would not of itself authorize the court to instruct the jury that on account of such evidence the plaintiffs could not recover. Therefore the court did not err in failing to charge the jury as contended in this ground of the motion.

7. The eighteenth ground of the amendment to the motion for a new trial complains that the entire charge of the court "as a whole is insufficient, in that it did not present the issues clearly and according to law, and by acts of both omission and commission was contrary to law, and injurious and harmful to the defendants." This ground is too general to present any question for determination by this court, the whole charge not appearing to be erroneous. *May* v. *Sorrell*, 153 *Ga.* 65 (111 S. E. 810).

*Judgment affirmed, with direction. All the Justices concur.*

No. 4066.　APRIL 29, 1924.

Equitable petition. Before Judge Sheppard. McIntosh superior court. October 13, 1923.

J. R. Paschall and E. M. Thorpe brought suit against U. A. Rogers and Frank D. Bozarth, for the purpose of enjoining them from trespassing upon designated lands and cutting timbers; and for damages for the value of timbers already cut. The defend-

ants contended, by way of answer, that all of the timber already cut and being cut was authorized by the lease contract executed by the petitioners to other parties, and by the latter assigned to the defendants. The lease contract provided, that "the time limit of this conveyance as above set forth shall be six years from the first day of August, 1919, and that all rights and privileges hereby granted shall cease and expire on said last named date." The contract also provided for an extension of time for the removal of machinery and other property of the lessees. Immediately following the above language the contract provides: "All persons claiming under this instrument, in cutting and removing said timber, shall cut clean as they go; and as soon as they have cut over any part of said tracts of land, the part cut over shall be immediately released to the parties of the first part, . . regardless of the time of the expiration of this lease as to the cutting of the timber on the remaining portions of the tract." The petitioners contended that under the "cut-clean" provision of the contract all rights of the defendants as to the lands in question had expired. The defendants contend that they have until the first day of August, 1925. A verdict was returned in favor of the plaintiffs, for an injunction and for damages. The defendants made a motion for new trial, and subsequently amended the same. They excepted to the overruling of this motion, and to the overruling of a motion for nonsuit.

*Tyson & Tyson,* for plaintiffs in error.
*Travis & Travis,* contra.