STANLEY *et al.*, trustees, *v.* LAURENS COUNTY BOARD OF EDUCATION *et al.; et vice versa.*

Nos. 12916, 12933. JULY 14, 1939. REHEARING DENIED JULY 27, 1939.

C. C. Crockett, Rollin A. Stanley, and *Palmer W. Hicks*, for plaintiffs. *Nelson & Nelson*, for defendant.

JENKINS, Justice. ■ This court can not consider an amendment to a petition, which was offered, not only after the judgment of this court reversing the judgment of the trial court overruling a general demurrer to the petition was made the judgment of the trial court, but at a subsequent term, and two weeks after the trial court had finally dismissed the petition on general demurrer, following a properly allowed first amendment. *Wells* v. *Butler's Builders Supply Co.*, 128 *Ga.* 37 (2, 3), 39 (57 S. E. 55); *Southern Mutual Insurance Co.* v. *Turnley*, 100 *Ga.* 296 (7), 302 (27 S. E. 975); *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works*, 145 *Ga.* 105 (88 S. E. 584); *Alexander* v. *Chipstead*, 152 *Ga.* 851 (3), 861 (111 S. E. 552); *Savannah, Florida & Western Ry. Co.* v. *Chaney*, 102 *Ga.* 814 (30 S. E. 437); *Charleston & W. C. Ry. Co.* v. *Miller*, 115 *Ga.* 92 (41 S. E. 252); *Jackson* v. *Security Insurance Co.*, 177 *Ga.* 631 (170 S. E. 787); *Berrien County Bank* v. *Alexander*, 154 *Ga.* 775, 777 (115 S. E. 648). Accordingly, it was error to allow this amendment, as complained of in the cross-bill of exceptions.

■ In accordance with the foregoing ruling, this court can consider only the first amendment of the petition; and by this amendment the former judgment of the trial court as affirmed by this court (*Dominey* v. *Stanley*, 162 *Ga.* 211, 133 S. E. 245) was not pleaded, so as to constitute res judicata or an estoppel by judgment against the defendants in the present suit. This was decided in the recent decision by this court wherein it was held that the present petition as originally brought did not invoke the ruling made in the *Dominey* case. *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389, 390 (200 S. E. 294). Nor could such former judgment be binding against the present defendants, the county board of education and the trustees of the school district, for the reason that none of the present parties defendant were parties in the former suit, which was brought against certain named individuals who were sued in their individual capacity.

■ "A deed purporting to convey land, which is so indefinite in description that the land is incapable of being located, is in-

operative either as a conveyance of title or as color of title." *Luttrell* v. *Whitehead,* 121 *Ga.* 699, 701 (49 S. E. 691) ; *Crawford* v. *Verner,* 122 *Ga.* 814, 816 (56 S. E. 1004) ; *Whitehead* v. *Pitts,* 127 *Ga.* 774 (4), 777 (56 S. E. 1004) ; *May* v. *Sorrell,* 149 *Ga.* 610 (2) (101 S. E. 535). Under the decision of this court in the present suit (187 *Ga.* 389, supra), "the deed under which the petitioners claim title to the land [was] absolutely void as a muniment of title [because of its insufficient description of the land], and . . the petition [failed] to state a cause of action for the relief sought." Although the first amendment of the petition, made before the judgment of this court was made the judgment of the trial court, set forth a sufficient description of the property *now claimed* by the petitioners, the amendment contained nothing which would validate the deed or make it good color of title. Accordingly, the petition as thus amended failed to show any title in the petitioners by seven years adverse possession under color of title, as provided in the Code, § 85-407.

■ Nor did the petitioners, suing as trustees, by their first amendment show title to any part of the property claimed by virtue of their actual possession thereof for twenty years, as provided by the Code, § 85-406. This is true for the reason that the original void deed was executed merely to "the trustees of Centerville schoolhouse," without naming any persons as trustees; and the petition fails to show that any persons were named as trustees until a decree of the trial court in 1925 named the present persons and others as trustees. Obviously they could not have been in actual possession of any of the land as trustees for the required twenty years.

■ It affirmatively appearing from the petition that the plaintiffs, although in actual possession, are without any title or right of possession, they are not entitled merely by virtue of such unauthorized possession to the remedy of injunction against interference by the defendants, as alleged trespassers, with the property as to which the plaintiffs are without either title or right of possession. See *Mayor &c. of Forsyth* v. *Hooks,* 182 *Ga.* 78 (184 S. E. 724).

■ For the reasons stated, the court did not err in dismissing the action on general demurrer after the first amendment of the petition.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*