ROBERTS MARBLE COMPANY *et al. v.* BRIDGES.

DUCKWORTH, Chief Justice. A timber lease, conveying "all pine timber which has been worked or cupped for turpentine purposes and all other timber on the lands . . described, measuring nine inches and up in diameter at the stump at the time of cutting," conveys all the timber, including saw, pulpwood, fence-post, cross-tie, and of any other nature as long as it measures as above, and the statement in the time-limit clause of the lease, expressly limiting it to five years from date, which states "in any event, purchasers shall not cut over any portion of the land more than once," does not require the grantee to "cut-clean" by continuous operation all the various types of timber when it enters any particular area of the land, as was required in the lease contract in

*Bozarth* v. *Paschall,* 158 *Ga.* 208 (122 S. E. 683). The lease here is unambiguous and the "cut-over" phrase is inserted to prevent "the purchasers . . taking advantage of further growth of the timber" during the five-year period, and the land could not be said to have been cut over until the various types of timber had been cut therefrom. *Napier* v. *Decatur Lumber Co.,* 150 *Ga.* 687 (104 S. E. 625); *Turk* v. *Jeffreys-McElrath Mfg. Co.,* 207 *Ga.* 73 (60 S. E. 2d, 166). The court did not err in sustaining the demurrer to the petition and dismissing the same.

*Judgment affirmed. All the Justices concur.*

No. 17971. Submitted September 8, 1952—Decided October 14, 1952— Rehearing denied November 13, 1952.

*R. G. Dickerson* and *C. J. Taylor,* for plaintiffs in error.
*J. Lundie Smith* and *B. Lamar Tillman,* contra.