## McELROY, executrix, *et al. v.* McELROY.

1. In an action to recover land, if the plaintiff be entitled to recover a portion of the premises sued for, a recovery may be had for such portion if it is sufficiently identified by the evidence, so as to enable the jury to describe it in their verdict; but if the evidence as to such portion be so vague and indefinite as to fail to identify any particular portion, the plaintiff can not recover.

(a) It was error to instruct the jury that the burden was on the plaintiffs

to show by evidence that the defendant was in possession of the land, where the defendant by plea admitted he was in possession.

2. Under the evidence no issue of title by seven years adverse possession under color was involved. The defendant claimed the land under a deed (which he exhibited in evidence) from the same person whom the plaintiffs claimed to have subsequently devised it to them. If the defendant's deed included the premises, the plaintiffs would not be entitled to recover, regardless of the length of time of the defendant's possession.

3. Instructions to the jury should be confined to the issues made by the pleadings; and where the right of all the parties in an equitable action to sue as joint plaintiffs is not challenged by demurrer or plea, it is error for the court to charge the jury that a recovery can not be had by the plaintiffs unless all of them are entitled to recover.

4. A deed which describes the premises, giving the boundaries and estimating the area as containing a certain number of acres, "more or less," conveys all the land embraced in the calls, although the acreage may exceed the estimate.

5. In a suit by an executrix to recover land which the defendant claims to have been conveyed to him by the plaintiff's testator, where the issue is whether the deed covers the land in dispute, the defendant is incompetent to testify that the plaintiff's testator, prior to making the deed, pointed out to him the boundaries of the land afterwards conveyed.

6. Testimony of a conversation had by a witness, who is a party, with another person, not in the hearing of the opposite party, is incompetent.

JULY 14, 1914.

Equitable petition. Before Judge Daniel. Fayette superior court. February 21, 1913.

*J. F. Golightly* and *W. B. Hollingsworth,* for plaintiffs.

*J. W. Wise* and *E. J. Reagan,* for defendant.

EVANS, P. J. The petition is by Mrs. Melvina McElroy as executrix of Peter E. McElroy, deceased, and as an individual, and Smith McElroy, Marie McElroy Temple, and P. E. McElroy; and the defendant is P. D. McElroy. The suit is to recover a described tract of land alleged to have been devised by Peter E. McElroy to Melvina McElroy for life, and at her death to the other petitioners, and for an accounting for rents, issues, and profits due to Melvina McElroy as executrix during the time the defendant was managing the estate of Peter E. McElroy, as agent of the executrix. The defendant claims that the premises in dispute are included in a deed executed to him by his father, Peter E. McElroy. The trial resulted in a verdict for the defendant; and the plaintiffs sued out a bill of exceptions, assigning error on the court's refusal to sustain their motion for a new trial.

1. The pleadings narrowed the issue of title to one point, viz.,

whether the premises in dispute were embraced in the defendant's deed from his father, Peter E. McElroy. If the land was not so included, then it came within the operation of the devise in the will of Peter E. McElroy to his wife and children. There was much confusion in the testimony as to whether the defendant's deed included all or any part of the disputed territory. In effect, the court instructed the jury that the burden was on the plaintiffs to prove their title; that they could not recover the entire premises described in the petition, without showing title to the whole; but that they could recover less than the whole, if they showed title to a portion, and the evidence so identified it as to enable the jury to describe such portion in their verdict; that if the evidence showed a right to the recovery of only a part of the land, and this part was incapable of identification, so that it could not be described in the verdict, the plaintiffs would not be entitled to recover. The foregoing principles are well settled in ejectment practice. In connection with this charge the court inadvertently fell into an error when he instructed the jury that it was incumbent upon the plaintiffs to show by evidence that the defendant was in possession of the land sued for. The defendant's possession of the locus was admitted in the answer.

2. The defendant pleaded prescription, based on seven years adverse possession under the deed from his father. The court instructed the jury respecting such title by prescription. Complaint is made of alleged inaccuracies in this charge. These inaccuracies, even if erroneous as alleged, would not require a new trial, for the reason that the issue of title turned on the single point of the inclusion of the land sued for in the deed from the plaintiffs' testator to the defendant. In that deed the boundaries were given, and the tract was estimated to contain fifty acres, more or less. The title to all the land embraced within the calls of the deed passed from the grantor to the defendant. If that deed covered the locus as against the plaintiffs, the defendant's title would be good, although his possession may not have been of the character requisite to complete a title by adverse possession for seven years under color of title.

3. The court charged the jury that "the executrix could sue for the recovery of the land in dispute. The executrix and legatees can not in conjunction sue for the land, and the executrix in conjunction with the legatees can not recover the land in this case." The court

most probably had in mind the common-law rule in ejectment suits, that where a joint demise is laid in the declaration, evidence of a joint interest in the plaintiffs' lessors must be given before there can be a recovery. But the common-law rule that all must recover or none was never adopted by courts of equity. In such a case a decree will be so molded as to do justice to all parties. *Bigham* v. *Kestler,* 114 *Ga.* 453, 459 (40 S. E. 303). Objection that one of the plaintiffs has no interest in the suit, if the defect appears on the face of the petition, must be taken advantage of by demurrer. If the objection does not appear on the face of the pleading, it may be raised by plea. A mere misjoinder of plaintiffs in an equitable suit is waived unless asserted by pleading. 16 Cyc. 204. This action is equitable in nature, there was no objection by demurrer or plea to any misjoinder of plaintiffs, and it was error to give the instruction to which exception is taken.

4. Peter E. McElroy conveyed to the defendant, P. D. McElroy, fifty acres, more or less, of land having certain boundaries. Testimony was taken that these boundaries were pointed out and located by the grantor at the time of the sale and conveyance of the land to the grantee. It was not erroneous to instruct the jury that the deed would embrace all the land within its calls, and as located by the grantor, although the area might exceed fifty acres.

5. The executrix of the grantor was a party plaintiff. It was erroneous to permit the defendant to testify that the plaintiffs' testator, a few weeks before conveying the land to him, pointed out the boundaries, and that the defendant upon receiving his deed entered into possession of the land, and since that time continuously has been in possession. The evidence act (Civil Code (1910), § 5858, par. 1) prevents a party from testifying about a transaction or communication with a deceased person, where the opposite party is a personal representative of such deceased person.

6. The defendant was allowed to testify that he pointed out the line of the land to a witness for the plaintiffs, who had testified that he was the tenant of one of the plaintiffs. That witness did not testify on that point, and therefore this testimony was not admissible for the purpose of impeachment. The defendant's conversation and acts with a third person, not in the presence of plaintiffs, could not bind them.

*Judgment reversed. All the Justices concur.*