## EARLY v. CONN.

ATKINSON, Presiding Justice. 1. "The maker of promissory notes given for the purchase of land of which such maker holds undisturbed possession under a bond from the vendor, conditioned to make to the former a good and sufficient title to the land upon payment of the notes, can neither voluntarily rescind the contract of purchase nor defeat the collection of the notes, upon the ground that the vendor has not in fact a good title to the land in question, without showing clearly that there is a paramount outstanding title against the vendor, and also proving fraud upon his part, or that he is insolvent, or a non-resident, or else proving other facts which would authorize equitable interference with the carrying out of the contract as made." *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477).

(*a*) The above rule will not be varied on account of the fact that during the progress of the litigation the court appointed a receiver to take charge of the property.

(*b*) The facts relied on therefor do not show fraud, and the case does not otherwise fall within any of the exceptions indicated in *Black* v. *Walker*, supra.

(*c*) It was not error to sustain the demurrer.

2. The cross-action of plaintiff in error as amended does not show any right to rescind.

3. The court did not err in admitting in evidence the contract complained of in the motion for new trial.

(*a*) It was not a contract declared upon, but was merely evidence on the issues before the court. Compare *Simpson* v. *Charters*, 185 *Ga.* 592, 597 (196 S. E. 31).

(*b*) Nor was it a good objection that the contract recited that the exact amount of interest now due on a specified series of notes should be calculated and ascertained by a certain party.

4. It was not erroneous to direct the verdict, or to refuse a new trial.

*Judgment affirmed. All the Justices concur.*

No. 13248. JULY 15. 1940.

*Mrs. Charles L. Camp* and *Joe M. Lang,* for plaintiff in error.
*Leon & Dean Covington,* contra.