1. "When land is conveyed by metes and bounds, whether there be more or less than the quantity named in the deed, the purchaser obtains the whole of it." Benton v. Horsley, 71 Ga. 619 (3); McElroy v. McElroy, 142 Ga. 38 (4) (82 S.E. 442); May v. Sorrell, 153 Ga. 53 (111 S.E. 810). Objections based on the contention that such deeds convey more than the number of acres stated therein are without merit.
2. Findings of fact by an examiner, unexcepted to, which show that the objector could not have any interest in the land sought to be registered, become binding on the parties to the land-registration proceedings, and in such case the objector has no authority to contest the right of the applicant to a decree of registration of title in his name. Code, § 60-206; Asbury v. McCall, 202 Ga. 154 (42 S.E.2d 370).
3. There being no evidence to support the jury's findings of fact on material and controlling issues in this land-registration proceeding, it was error to overrule the general grounds of the motion for new trial.
Judgment reversed. All the Justicesconcur.
 No. 15796. JUNE 10, 1947.
D. O. McCook filed a petition to register the title of described lands, claiming title under deeds shown in the abstract attached to his petition, and by prescription. Mrs. H. F. Council filed an answer objecting to the registration, contending that the lands described in McCook's petition included Pine Island, a part of her lands. The defendant's answer contained a description of lands claimed by her, and she attached an abstract of her title. The examiner filed his preliminary report showing title in the applicant, from his father, Daniel McCook. In his final report the examiner recommended that title to the lands described in the petition be registered in the applicant, the examiner finding that the applicant was vested with good and sufficient title in fee simple. The examiner attached to his report his findings of fact, consisting of 30 numbered paragraphs, and his conclusions of law, consisting of 21 numbered paragraphs. Mrs. Council filed exceptions *Page 314 
to the examiner's findings of fact and conclusions of law in part, a number of the paragraphs not being excepted to. The trial court sustained the applicant's demurrers to some of the exceptions of fact and law, and overruled others. Neither party filed any exceptions to the rulings on the demurrers. Material exceptions to the final report having been sustained by the rulings on the demurrers, the matter was submitted to a jury, in such form as to require the jury to answer eleven questions. The jury answered all questions in the negative, the result being to find that the lands claimed and described in the applicant's petition were not entitled to registration, and judgment was entered denying registration. The applicant's motion for new trial, as amended, was overruled and the exceptions here are to this judgment. While the amended motion for new trial assigns error on all findings of the jury, only the controlling questions need be reviewed.
The first question submitted to the jury was as follows: "Do you find that Daniel McCook acquired the title to that part of lots 162, 163, and 181, 4th District, Wilkinson County, Georgia, containing 101-1/4 acres, more or less, the remainder of the land sought to be registered, on the 4th day of December, 1866, by deed from John C. Mackey and James W. Kinney as executors of Wm. Mackey, recorded September 6, 1915, in Book 23, folio 512, Clerk's Office, Wilkinson Superior Court?"
D. O. McCook claimed title to his lands under deed from his father, Daniel McCook, claiming that his father acquired title to the lands under the deed above referred to, and by warranty deed from W. C. Doke and Sarah J. Doke, which latter conveyance is not questioned. The examiner in his findings of fact (paragraph 5) found that Daniel McCook did acquire title under the deed to him from Mackey and Kinney. An exception by the objector, Mrs. Council, was allowed, and the matter therefore submitted to the jury for its determination. The exception to the finding of the examiner, that Daniel McCook acquired title under the deed from Mackey and Kinney, was based on the contention that the deed called for 101-1/4 acres, and that the plat made by H. D. Cutter of the lands sought to be registered contained 229 acres, more or less. The deed from Mackey and Kinney to Daniel McCook described the land by metes and bounds. *Page 315 
The second question submitted to the jury was as follows: "Do you find that Daniel Oscar McCook acquired the title to the land described in the petition to register the title by deed from Daniel McCook on the 21st day of January, 1922, recorded May 14, 1923, in Book 40, folio 171, Clerk's Office, Wilkinson Superior Court?"
In his findings of fact the examiner held that McCook acquired title to the lands under the deed from his father to him. An exception to this finding was allowed, and the question then became one for the jury's determination. The objection to the finding of the examiner, that D. O. McCook acquired title to the land sought to be registered by the deed from his father, was because "the evidence does not show that McCook acquired title to all of the lands sought to be registered under said deed, but only shows that he acquired title to 118 acres of land sought to be registered."
Paragraph 17 of the examiner's findings of fact was as follows: "The lands of Mrs. R. J. Pennington, formerly known as the J. R. Hunnicutt lands, lie between the lands described in the petition to register the title and the lands of Mrs. H. F. Council, objector." The objector's exception to this finding was overruled by the trial judge.
Paragraph 18 of the examiner's findings of fact was as follows: "The evidence for Mrs. H. F. Council, objector, does not show that she, or her predecessors in title, have ever been in possession of any part of the lands described in the petition to register the title." The objector's exception to this finding of fact was overruled.
Paragraph 19 of the examiner's findings of fact was as follows: "Mrs. H. F. Council, objector, does not claim any of the Pennington land." There was no exception to this finding.
The examiner's finding of fact No. 20 was as follows: "The Pennington land is bounded on the south by Commissioner Creek, on the east by Daniel Oscar McCook, and on the west by Mrs. H. F. Council." There was no exception to this finding.
The examiner's finding of fact No. 29 was as follows: "I further find that all the lands in dispute sought to be registered lie in one body and contiguous to the other lands of petitioner which are not in dispute, and said lands in dispute are not and have not been contiguous to the lands of Mrs. H. F. Council and her predecessors *Page 316 
in title." The objector's exception to this finding was overruled.
The following conclusion of law is found in paragraph 14 of the examiner's conclusions of law, to wit: "Undisputed evidence is that Pennington land lies between McCook land and Council land. It necessarily follows that she must claim some of Pennington land to get to McCook land so that she could claim a part of McCook land." There was no exception to this conclusion.