35306, 35307. McCONNELL *et al. v.* WHITE *et al.;* and *vice versa.*

DECIDED OCTOBER 14, 1954—ADHERED TO ON REHEARING NOVEMBER 16, 1954.

*C. Winfred Smith, Brannon & Brannon,* for plaintiffs in error.
*Wheeler, Robinson & Thurmond,* contra.

FELTON, C. J. ■ The bond for title described the land by metes and bounds, and the vendees were entitled to receive title to and possession of all the land described by such metes and bounds. *McElroy* v. *McElroy,* 142 *Ga.* 37, 38 (5) (82 S. E. 442) ; *May* v. *Sorrell,* 153 *Ga.* 47, 53 (111 S. E. 810) ; *Blackwell* v. *Partridge,* 156 *Ga.* 119, 130 (5) (118 S. E. 739) ; *McCook* v. *Council,* 202 *Ga.* 313 (1) (43 S. E. 2d 317). If the vendors are unable to put the title to any portion of the lands so described in the vendees and put the vendees in undisturbed possession thereof, the vendees in an action by the vendors for the purchase price may set off the value of that portion to which title and possession cannot be given by the vendors. Code § 29-202; *Gibson* v. *Alford,* 161 *Ga.* 672 (2c) (132 S. E. 442). The defendants' cross-action is one of setoff and is not one seeking a rescission of the bond for title or a reformation thereof. The contention by the vendors that any shortage in the land is taken care of by the phrase "more or less" in the acreage description is without merit. Code § 29-201, which provides that the qualification " 'more or less' . . . will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud," does not apply to sales of land by metes and bounds. *Blackwell* v. *Partridge,* supra; *Dorsett* v. *Roberds,* 172 *Ga.* 545, 552 (7) (158 S. E. 236). Further, description by metes and bounds controls over the quantity specified in the deed. *Carswell* v. *Sanders,* 182 *Ga.* 251 (185 S. E. 282). The contention that any fraud or misrepresentation by the vendors has been waived by the vendees' possession of the land for 7½ years without seeking relief is without merit. The vendees' cross-action is not dependent upon fraud or misrepresentation being shown. Even if the vendees had had knowledge at the time of the execution of the bond for title that the land as described by metes and bounds did not contain the 10½ acres, such knowledge would not have barred their present cross-action. *Foute* v. *Elder,* 109 *Ga.* 713, 714 (35 S. E. 118). It is true that in *Early* v. *Conn,* 190 *Ga.* 660 (1) (10 S. E. 2d 177), the Supreme Court held that a vendee in "undisturbed possession" of lands cannot defeat an action by the vendor for the purchase price of

the lands on the ground that the vendor did not have good title to such lands. The reason for this principle was stated by Chancellor Kent in Abbott *v.* Allen, 2 Johns, Ch. 519 (7 Am. D. 554), as follows: "It would lead to the greatest inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts or takes any measures to assert a hostile claim, can be permitted on suggestion of a defect or failure of title, and on the principle of quia timet, to stop the payment of the purchase-money, and of all proceedings at law to recover it. Can this court proceed to try the validity of the outstanding claim in the absence of the party in whom it is supposed to reside, or must he be brought into court against his will, to assert or renounce a title which he never asserted, and perhaps never thought of?" See *Henderson* v. *Fields,* 143 *Ga.* 547, 549 (85 S. E. 741). We also recognize that, where there is no allegation to the contrary, the vendee is presumed to be in possession under the contract of purchase. *Mallard* v. *Allred,* 106 *Ga.* 503 (1a) (32 S. E. 588). However, while there is no positive and direct allegation that the vendees are not in possession of the 10½ acres here in dispute, the plea and answer contained allegations to show that the vendees were not in undisturbed possession of the 10½ acres, and that they did not have undisputed title thereto. The vendees alleged that, in the case of W. A. White and H. J. White (the present plaintiffs) et al. v. H. G. Spahr, in White Superior Court, said Spahr obtained a final judgment and decree decreeing title to the 10½ acres with the timber growing thereon to be in Spahr, and permanently enjoining the plaintiffs from going on or trespassing on said land. It was further alleged that Spahr had cut and sold certain timber contained on the 10½ acres. Such allegations are sufficient to meet the rule as announced by Chancellor Kent and adopted by the Supreme Court. And see *Lowery* v. *Yawn,* 111 *Ga.* 61 (36 S. E. 294).

■ The defendants alleged an incorrect measure of damages. They in substance alleged the measure of damages as the resulting damage to the portion of the tract to which they got good title. Where a purchaser loses only a part of the land from a defect in title, his remedy is fixed by Code § 29-202, which provides for rescission or a reduction in price according to the

relative value of the land so lost. It would seem that Code § 20-1413 does not apply unless all the land is lost. Code § 29-202 has been applied when a bond for title was involved. *Norris* v. *Coffee*, 206 *Ga.* 759 (58 S. E. 2d 812), and cases cited. We have not found where the words "relative value" as used in Code § 29-202 have been exactly defined. We conclude, after much concern and deliberation, that the expression means relative value with the purchase price as a base value of the whole, for the reason that, where rescission is not sought, the only remedy is a reduction in purchase price. Any other interpretation might result in the recovery by a purchaser of more than the purchase price, if the land lost was worth more at the time of breach of contract or bond than the whole land originally bargained for. *Smith* v. *Kirkpatrick*, 79 *Ga.* 410 (7 S. E. 258), confirms this conclusion, as does the case it cites.

The failure to set forth the correct measure of damages in the answer did not subject the answer to dismissal, even though a special demurrer pointed out the defect and it was sustained. The same rule applies to the answer in this case as applies to a declaration based on the breach of a contract. In such a case nominal damages may be recovered whether special damages are correctly alleged or not, and the pleadings may be amended to show the proper damages at any stage of the proceedings. *Irwin* v. *Askew*, 74 *Ga.* 581, 585 (2); *Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58); *Sutton* v. *Southern Ry. Co.*, 101 *Ga.* 776 (29 S. E. 53); *Graham & Ward* v. *Macon &c. Ry. Co.*, 120 *Ga.* 757 (49 S. E. 75).

■ On October 13, 1953, the plaintiffs filed a renewed demurrer to the defendants' plea, answer and cross-action as amended. The renewed demurrer was sustained, and the court allowed the defendants fifteen days within which to amend the plea and answer to meet the objections of the renewed demurrer. On October 28, 1953, the defendants petitioned the court for an extension of time for the filing of the amendment, and the court passed an order allowing them until November 30 to amend. The assignment of error complains that the court was without authority to allow such extension for the time of filing the amendment, and erred in allowing such amendment to be filed. The cross-bill of exceptions is without merit. Ga. L. 1952, p. 243,

provides in part: "Where the court sustains any or all demurrers to pleadings, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of. the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment." The defendants had the right to amend their plea, answer and cross-action at any time prior to the rendition of such a judgment. See *Browning v. Hirsch*, 87 *Ga. App.* 576 (75 S. E. 2d 43). The court did not err in allowing the defendants' amendment. There is no merit in the contention that the court should have sustained the plaintiff's demurrers before additional amendments were filed.

The court erred in sustaining the demurrer to and in dismissing the plea, answer and cross-action as finally amended, and such action rendered all further proceedings in the case nugatory.

The court did not err in sustaining the special demurrer to the allegations as to the measure of damages sought, and did not err in extending the time for the defendants to file their final amendment and in allowing such amendment filed.

*Judgments in the main bill of exceptions affirmed in part and reversed in part. Judgment in the cross-bill of exceptions affirmed. Quillian and Nichols, JJ., concur.*