## 38480. FOSTER v. RAMSEY.

TOWNSEND, Judge. 1. (*a*) Where certain special demurrers to a petition are sustained with 20 days leave to amend, and an amendment is filed after such 20 days have expired but before any final order on the sufficiency of the petition is entered, it is not a ground for objection to the amendment that it was filed too late. *McConnell v. White*, 91 Ga. App. 92 (3) (85 S. E. 2d 75).

(*b*) Two paragraphs of this petition, referring to the position of plaintiff's automobile and the manner in which the defendant was driving, were held subject to special demurrer on the ground that the allegations were vague, indefinite, conclusions, and failed to allege sufficient facts to support the conclusions. The paragraphs were stricken and two new paragraphs added by amendment, alleging the same facts together with other supporting facts. Renewed demurrers were properly over-

ruled, as was also the objection to the amendment that, with the paragraphs in question stricken, there was not enough to amend by. *Code* § 81-1302.

(c) The petition, which in substance alleged that the plaintiff had brought his automobile to a stop in a private driveway forming part of the property of a gasoline station; that the defendant operator failed to observe the plaintiff's automobile, entered the driveway at a high and dangerous rate of speed and negligently collided with the plaintiff's car doing specified damage, and that he was negligent in driving at a high and dangerous rate of speed; failing to keep a proper lookout ahead, failing to see and avoid the plaintiff's automobile and failing to drive to the right of such automobile, which negligence was the sole proximate cause of the damage sustained, sets out a cause of action and is not subject to general demurrer.

2. A ground of an amended motion for new trial which is disapproved by the trial judge cannot be considered by this court. *Fluellen v. State*, 43 Ga. App. 221 (1) (158 S. E. 374).

3. Every litigant has a right to a thorough and sifting cross-examination, but the manner in which this right must be exercised is largely within the discretion of the trial judge. Where a witness has twice testified to the fact that the plaintiff's view to the north was unobstructed, it was not error for the court, the question being asked a third time, to state: "That's been gone into several times. Let's don't encumber the record repeatedly." *Manning v. State*, 28 Ga. App. 241 (110 S. E. 747). Nor was it harmful error for the court, in a colloquy with counsel, to elaborate the ruling by stating, "The hedge didn't obstruct his vision and he could see north," there being no dispute in the evidence as to this fact. *Roberts v. McClellan*, 80 Ga. App. 199 (4) (55 S. E. 2d 736). Special grounds 2 and 3 of the amended motion for a new trial are without merit.

4. A request to charge which is refused, must, to form the basis of review, be in writing. *Code* § 70-207. Special ground 4, which assigns error on the refusal of the court to give a stated requested charge, but further recites that such request was oral, shows no reversible error.

5. Special grounds 5 and 6 contend that the trial court erred in charging the contentions of the parties in stating that it was

admitted that the collision between the automobiles occurred on private property. Since the defendant's answer "admits plaintiff was in the location mentioned" which was "in a private driveway emerging from a gasoline station located at 2464 Stewart Avenue, Atlanta, Georgia," and the cross-action further alleged that defendant "observed plaintiff's car standing just inside the driveway" and the defendant then "turned and entered same" it is obvious that there was no issue as to the locus of the impact, and these assignments of error are without merit.

6. (a) It is improper to assign error on a portion of the charge which is itself correct, for the reason that the court did not in connection therewith charge some other applicable provision of law. *Payne v. Young*, 27 Ga. App. 370 (4) (108 S. E. 312).

(b) To merit consideration, an assignment of error on the charge of the court must set out the charge excepted to or enough to convey a clear understanding of that part of the charge to which the objection is directed. *Millen &c. R. Co. v. Allen*, 130 Ga. 656 (2) (61 S. E. 541). Accordingly, an assignment of error on "the whole charge of the court relating to diligence," which fails to set out the portion of the charge referred to, is too indefinite for consideration.

(c) For obvious reasons, an assignment of error which does not relate to the case on trial, but to an event which transpired on a previous trial of the same cause, is without merit. The trial court did not err in overruling special grounds 7, 8, 9 and 11.

7. In special ground 10 it is contended that the trial court erred in failing to charge without request the following: "Negligence of both plaintiff and defendant must be found to have contributed to injury sustained, as proximate cause or causes thereof, before any apportionment of damages with each party can be made." The court thoroughly and accurately dealt with the subject of comparative negligence, both as affecting the plaintiff's right of recovery and the defendant's cross-action. It was made obvious in the instructions to the jury that the negligence which the court referred to was negligence contributing to the injury sustained. Accordingly, the principle of law which the plaintiff in error says should have been given to the jury was in fact given fully and fairly.

8. As to the general grounds, the evidence showed that the plain-

526

tiff's automobile was in the private driveway of a gasoline station with the motor running; that the plaintiff intended to turn right or north into Stewart Avenue and was at the moment looking left watching for traffic to clear so that he could make the right turn, and at that instant the defendant's automobile, proceeding south on Stewart Avenue, made a diagonal left turn into the same driveway which took it immediately in front of the plaintiff's automobile. The only issue was whether the plaintiff's automobile was in motion and hit the defendant, or whether the plaintiff's automobile was stationary and the defendant sideswiped it. The point of impact was between the front of the plaintiff's car, slightly to the left of center, and the center of the left side of the defendant's automobile. It is not inherently incredible that the damage inflicted to the defendant's automobile could have been as shown in the photographs introduced in evidence whether the plaintiff's car was in motion or not. The plaintiff and an eyewitness in charge of the service station both testified that the defendant hit the plaintiff's automobile, and that the latter was not in motion. It follows that the verdict was supported by evidence and the general grounds are without merit.

The trial court did not err in its rulings on the demurrers and objections to the pleadings, or in denying the motion for new trial.

*Judgment affirmed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 22, 1960—REHEARING DENIED
OCTOBER 5, 1960.

*Oze R. Horton,* for plaintiff in error.
*Clyde W. Carver,* contra.