## 54041. JENKINS v. MARTIN.

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 15, 1977.

*Larry H. Evans, Lynn W. Wilson,* for appellant.
*Harold E. Martin, George D. Lawrence,* for appellee.

DEEN, Presiding Judge.

Code Ann. § 81A-113 (e) provides: "A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." It is clear from the language of this statute that if such claims matured or were acquired after the pleading has been served, they are permissive rather than compulsory counterclaims. Code Ann. § 81A-113 (a) and (b). Such is the situation in the case at hand. The original complaint was on an account and the original counterclaim was for breach of contract; the supplemental counterclaim was for an alleged tort committed some

months *after* these pleadings were served. Thus the counterclaim in tort was not a claim which the appellant had at the time his original counterclaim was served on the appellee; it is therefore a permissive counterclaim. *Ga. Power Co. v. Jones,* 122 Ga. App. 614, 618 (178 SE2d 265).

Permission of the court is a necessary prerequisite to the supplemental pleading of a counterclaim under Code Ann. § 81A-113 (e) and the decision to grant or deny the motion is totally within the trial court's discretion. Arguably the mandate of Code Ann. § 81A-118 (a) permitting the joinder of claims militates toward a liberal exercise of such discretion in favor of granting motions for supplemental counterclaims. Other factors however enter into play, such as inconvenience or confusion (Shwab v. Doelz, 229 F2d 749 (7th Cir. 1956)), and whether the supplemental counterclaim arises out of the same transaction or occurrence or course of conduct that is the subject matter of the opposing party's claim. 6 Wright & Miller, Federal Practice and Procedure 146, § 1428. Of no less importance is the fact that a supplemental counterclaim brought under Code § 81A-113 (e) is permissive rather than compulsory; the action may be brought in a separate suit and will not be lost if permission to plead it is denied. Reviewing the record here against these criteria it is abundantly clear that the denial of the appellant's motion to supplementally plead his permissive counterclaim in tort at this stage of the proceedings on the original action was a proper exercise of the trial judge's discretion. *Carvel Corp. v. Rabey,* 140 Ga. App. 205, 206 (230 SE2d 355).

*Judgment affirmed. Webb and Marshall, JJ., concur.*