A89A1081. ZORN & SON INSURANCE AGENCY, INC. v. JIM ALTMAN INSURANCE, INC.
(382 SE2d 696)

DEEN, Presiding Judge.
Zorn appeals from a jury verdict and judgment awarding damages to Altman in its suit on a contract between the parties. The ac-

tion was previously before this court when Altman appealed the grant of Zorn's motion to dismiss on the ground that the claim asserted in Altman's complaint should have been raised as a compulsory counterclaim in a pending action in which Altman was the defendant and Zorn the plaintiff. *Jim Altman Ins. v. Zorn & Son Ins.*, 184 Ga. App. 575 (362 SE2d 142) (1987). This court found that the trial court had considered matters outside the pleadings, thereby converting the motion to dismiss into a motion for summary judgment, and remanded the case to allow for proper notice and hearing as required by OCGA § 9-11-56 (c). Following further proceedings on remand, summary judgment was denied, as was Zorn's application for interlocutory review, and the case was tried before a jury. On this appeal Zorn's sole enumeration of error is that the trial court erred in allowing Altman's suit to proceed to trial because its claim should have been raised as a compulsory counterclaim in the prior suit on the same contract brought by Zorn against Altman.

1. This issue was ruled on adversely to Zorn in the denial of the motion for summary judgment. The trial court there determined that "Altman's claims could have been made a part of Zorn's original suit by permission of the court; however, this right of action, if such existed, was not lost by the court's refusal to permit him to plead them in the original law suit. Likewise, the action, if appropriate, may be brought in a separate suit." See *Jenkins v. Martin*, 142 Ga. App. 573 (236 SE2d 542) (1977); *Ostroff v. Coyner*, 187 Ga. App. 109 (3) (a) (369 SE2d 298) (1988). The trial court further concluded that questions of fact existed as to rescission, breach, and performance of the contract, and that Altman was therefore not entitled to judgment as a matter of law. Upon consideration of the entire record, we find no error.

2. While Zorn's appeal is not meritorious, "it is not 'so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay.' [Cit.]" *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 538 (6) (327 SE2d 761) (1985). Therefore, Altman's motion for damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989.

*D. Duston Tapley, Jr.*, for appellant.
*Malcolm F. Bryant, Jr.*, for appellee.