A96A0200. DEPARTMENT OF TRANSPORTATION v. HALL et al.
(470 SE2d 775)

BEASLEY, Chief Judge.

The sole question brought by the Georgia Department of Transportation is whether its complaint for reformation of a deed was a compulsory counterclaim in another suit. The DOT filed the complaint after the court denied its motion to counterclaim and add parties. The court in the instant case held that the new complaint should have been brought as a counterclaim in the earlier suit and granted summary judgment to the Halls and Ropers.

The DOT obtained a right-of-way deed from the Ropers, predecessors in title to the Halls, for road widening. It paid the Ropers $26,400 for fee simple title to certain described property and a temporary easement for the purpose of accommodating the highway improvement by "embankments, cuts and slopes as may be deemed proper. . . ." The next year, the Halls purchased 1.824 acres from the Ropers, Debra Hall's parents, including their house. Thereafter, the DOT began grading the property in front of the house. The Halls allege that the new slope, located in the portion of Halls' front yard within the temporary easement, comes within about seven feet of their front porch and drops approximately 22 feet to the new road level. The Halls sued the State and the DOT, alleging trespass, inverse condemnation, an unconstitutional taking, permanent alterations to the property, and damages. Count 6 alleged that the DOT obtained title from the plaintiffs' predecessors in title by coercion and misrepresentation and that the right-of-way deed should be set aside.

The DOT answered but failed to counterclaim or move to add the Ropers as parties. Later it moved for summary judgment arguing that as successors in title the Halls had no right to bring a claim because a right of action does not run with the land unless a specific assignment is made. The court denied the motion and rejected the DOT's position that the Halls lacked standing to sue for inverse condemnation or for claims occurring after they purchased the property.

The DOT again moved for summary judgment on the ground that there were no genuine issues of material fact regarding its purchase of the right-of-way and the temporary easement. In reply to plaintiffs' opposition to the DOT's earlier summary judgment motion, the DOT claimed that due to a scrivener's error by a DOT employee, the deed misdescribed the property the Ropers conveyed to the DOT and the accurate plat/survey should control. The DOT in effect asked the court to correct the deed as a matter of law, relying on *Riley v.*

*Griffin*, 16 Ga. 141 (60 AD 726) (1854).

The Halls also moved for summary judgment, on the basis that inverse condemnation had occurred by the DOT's encroachment beyond the property described in the right-of-way deed. The Halls further claimed that the DOT had exceeded its right to a temporary easement by removing massive amounts of soil, thereby creating a permanent slope easement. They claimed that during negotiations between the DOT and the Ropers, the Ropers relied upon the DOT's survey stakes, which were much farther from their front porch, and stated it was understood that the temporary easement would not come closer than 35 feet from the front porch.

The court granted partial summary judgment to the Halls on the right-of-way issue and to the DOT on the temporary slope easement issue. It held that the descriptions of both property interests in the deed were unambiguous and, as to the right-of-way, the court specifically rejected the DOT's contention that a description in a plat attached to a deed controls over a description in a deed. It cited *Johnson v. Willingham*, 212 Ga. 310 (92 SE2d 1) (1956). See also *McCook v. Council*, 202 Ga. 313 (43 SE2d 317) (1947). The court noted that the DOT's effort to correct the deed to conform to the survey/plat could not be done in the manner employed but would need a petition for reformation in which the Ropers were joined with the Halls.

Thereafter, the DOT moved to amend its pleadings under OCGA § 9-11-13 (e) to assert a counterclaim for deed reformation, and it also moved to add the Ropers under authority of OCGA § 9-11-13 (h). The court denied the motions, and no appeal was taken by any party in that suit. In particular, as it relates to this appeal, the DOT did not challenge the trial court's refusal to entertain, as a petition for deed reformation, its attempt to obtain deed correction by way of its reply to plaintiffs' opposition to summary judgment.

The DOT then filed the instant petition for reformation of deed against both the Halls and the Ropers. The defendants sought summary judgment, claiming the DOT failed to file a compulsory counterclaim when it initially answered Halls' complaint in the first suit. The court agreed, noting that the DOT's "Petition for Reformation of Deed" was a compulsory counterclaim that should have been asserted before the court granted partial summary judgment in the first action.

The DOT claims that the court erred in dismissing its suit for deed reformation, after denying its motion to bring a permissive counterclaim in the "related suit" and indicating that DOT's claim should be brought as an equitable claim. It further contends that the claim for deed reformation did not mature until the court disallowed the counterclaim in the first suit, so that it is governed as a permissive counterclaim by OCGA § 9-11-13 (e). At issue, according to the

DOT, is whether the court's insistence on the equitable basis for correcting the deed could be brought as a permissive counterclaim under OCGA § 9-11-13 (e) or whether it was a compulsory counterclaim under OCGA § 9-11-13 (f). If the claim was permissive, then the DOT claims it could bring this separate action for reformation of the deed based on *Jenkins v. Martin*, 142 Ga. App. 573 (236 SE2d 542) (1977). If the claim was compulsory, then the DOT claims the court in its discretion may permit the separate action in the interest of justice.

The DOT argues that the misdescription in the deed was an obvious error because the Ropers signed a warranty deed for property belonging in part to their next door neighbor and the error should have been corrected by the court pursuant to *Riley v. Griffin*, supra. The DOT further argues that it has been harmed by the court's decision that the DOT could not correct the deed because it paid the Ropers for the land acquired but misdeeded and is now left without a remedy in law or equity for correcting a clerical error.

The Halls contest the DOT's assertion that the misdescription is a clerical error is inaccurate and not supported by the record. They argue that the relief sought by the DOT is a compulsory counterclaim which should have been filed earlier in response to the Halls' suit. The Halls argue that in attempting to amend its answer and add a counterclaim after the grants of partial summary judgment, the DOT seeks to circumvent the ruling. The DOT admits that it was aware of the scrivener's error prior to filing its answer to Halls' complaint.

OCGA § 9-11-13 (a) provides: "Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Clearly, the DOT's reformation claim arose out of the same transaction or occurrence that was the subject matter of the Halls' suit. That suit alleged the DOT had committed trespass, inverse condemnation and an unconstitutional taking of the property at issue in the right-of-way deed. See *P & J Truck Lines v. Canal Ins. Co.*, 148 Ga. App. 3 (251 SE2d 72) (1978). Furthermore, the action did not require for adjudication of any parties over whom the trial court could not obtain jurisdiction in the original case because the Ropers are also residents of Paulding County.

"A party may not 'decline to litigate' in the original action and seek to bring a separate suit." *Myers v. United Svcs. Auto. Assn.*, 130 Ga. App. 357, 360 (203 SE2d 304) (1973). If initially omitted in the pending first action, the proper procedure is to seek leave of court to amend and bring the counterclaim under OCGA § 9-11-13 (f) as an

omitted counterclaim. *Holcomb v. Ellis*, 259 Ga. 625 (385 SE2d 670) (1989); *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90 (222 SE2d 878) (1975). When the DOT finally acted, it did so on insufficient grounds and on the wrong legal basis. It assumed it could do so *after* the court had ruled on the summary judgment motions. But see *Summer-Minter & Assocs. v. Giordano*, 231 Ga. 601, 606 (203 SE2d 173) (1974). It did not invoke OCGA § 9-11-13 (f) for oversight or excusable neglect but elected instead to proceed under OCGA § 9-11-13 (e), contending that the counterclaim did not mature until after the DOT filed its answer and the trial court granted summary judgment in favor of the Halls on the deed issue. It is undisputed that the alleged mistake which the DOT seeks to reform occurred prior to the filing of the DOT's answer to the original complaint. Although the DOT attempted to correct its mistake by labeling the alleged deed misdescription "an unknown fact," the claim had matured because the deed was executed in 1990, and the DOT's answer was filed in 1993, when it knew of the misdescription. Because the DOT did not seek to file on the grounds of oversight or excusable neglect but rather on the grounds of maturity, and its claim had indisputably matured at the time it answered, the DOT's claim was compulsory.

Accordingly, the decision of the trial court in granting summary judgment in favor of the Halls on the right-of-way deed was conclusive. OCGA § 9-12-40 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." The record demonstrates that the DOT repeatedly failed to follow proper procedure. It neither filed the compulsory counterclaim nor corrected its omission by asking for leave to amend under OCGA § 9-11-13 (f). The DOT did not even appeal the court's adverse summary judgment entered in the first suit in February 1995. It was not error to refuse to extricate the DOT from the predicament of its own making. *Jenkins v. Martin*, supra; *Summer-Minter & Assocs. v. Giordano*, supra.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 19, 1996.

*Michael J. Bowers, Attorney General, Carol A. Callaway, George P. Shingler, Assistant Attorneys General*, for appellant.

*Jeffrey B. Talley*, for appellees.